Parker, C. J.,
pronounced the opinion of the Court.
The decree of the judge of probate is affirmed, for the following reasons:— [ * 358 ] * As to the claim of interest on the balance of the advancements made to the son and daughter of the intestate, it is not supported by any authorities, nor by the principles of the law on the subject of advancements.
All the authorities cited in support of the claim of interest relate only to marriage portions, which are considered as vesting at the *289 marriage, and stand upon a different footing from advancements.
The true notion of an advancement is a giving, by anticipation, the whole or a part of what it is supposed a child will he entitled to on the death of the parent, or party making the advancement. It must, according to our statutes, be proved to have been intended as an advancement, chargeable on the child’s share of the estate, by certain evidence prescribed; otherwise it will be deemed an absolute gift.
It would, in our opinion, be entirely contrary to the character of an. advancement, that it should be viewed in the light of a debt upon interest, as contended by the counsel for the appellant. The very claim in this case proves that such could not have been the intention of parent or child. Fifty-six years elapse from the time of the advancement to the settlement of the estate in the probate office; so that the interest, if allowed, would amount to nearly four times as much as the sum advanced. If this allowance could be made, few children would be willing to take an advancement and run the hazard of having their estates swallowed up by it, as might frequently happen.
An advancement is usually made with a view to set up the child in business, or on the event of marriage. It has never been thought this was a borrowed capital on which interest was to accumulate; and we are confident no case can be found, either in England or in this country, where such a claim has been allowed.
In the case at bar, an appearance of equity has been given to the claim, by setting the advancement of one child * against that of the other, and claiming interest only [ * 359 ] upon the excess in favor of the son. But if the principle is admissible at all, it must apply as well where there is no such set-off, as where there is. The parent, in the case before us, well knew the difference between a loan and an advancement; as is evident from her taking proper security from her son, when she meant to lend money upon interest.
With regard to all the other claims made by the appellant, if they exist at all, it is in the character of debts, and not of advancements ; as they are not supported in the latter character, by any evidence of the nature which is required to prove advancements. As debts, if they are now recoverable, resort must be had to the estate of Ebeneser Breed, through his administrator; it not being in the power of the Court to consider them in the process now before' us, and, by so doing, to deprive the administrator of the right to a trial by jury.

Decree affirmed.