*W. Z. Stuart*, for appellant.

*James C. McCabe*, for appellee.

---

## Dillman *v.* Cox.

ADVANCEMENT.—An advancement is the giving by anticipation of the whole or a part of what it is supposed the child will be entitled to at the death of the parent or party making the advancement. It is purely a question of intention. Page 442.

SAME—PRESUMPTION.—The presumption, in the absence of any statutory provision is, that the conveyance of real and the transfer of personal property to a child by a parent is an advancement. But this presumption may be rebutted by parol evidence showing the intention of the parent. Page 442.

PARTITION.—In making partition, regard should be had to the value, and not to the quantity, of the land partitioned. Page 444.

SAME—TRIAL BY JURY.—Exceptions to the report of commissioners in partition cases are addressed to the court, and are to be determined without the intervention of a jury. Page 444.

APPEAL from the *Cass* Circuit Court.

GREGORY, J.—*Alfaretta Cox*, a minor, by her guardian, filed in the court below her complaint against *Dillman* for partition of real estate in *Cass* county. It is alleged that *John Cox*, the ancestor, died intestate in *April*, 1855, seized of the land in question, leaving surviving him *Joanna*, his widow, and five children, *George, Daniel, Andrew,*

*Matilda*, and the plaintiff, *Alfaretta;* that all said children, except the plaintiff, were the children of the said *John* by a former wife, the plaintiff being the only issue of the said *John* by the said *Joanna;* that the land in question was of the value of $3,600; that the widow and all said children, except the plaintiff, had conveyed their interest in and to the real estate to the defendant, *Daniel Dillman;* that the personal estate of *John Cox* had been fully administered, all the debts paid, and the personal estate exhausted in the payment of the debts and liabilities of the deceased, and the expenses of administration; that *George, Daniel, Andrew,* and *Matilda,* each received from their father advancements to the amount and value, when given, of $625. The defendant filed the general denial, with an agreement to give all matters of defense in evidence under said answer. Trial by the court, and a finding, among other things, "that the plaintiff, *Alfaretta Cox,* after taking into consideration advancements made by the deceased, *John Cox,* to his other children, is entitled to a share and interest of one undivided fourth part in the lands; and that the said *Daniel Dillman* is, by virtue of his deeds of conveyance from the widow and other heirs of the said *John Cox,* entitled to the remaining share and interest of an undivided three-fourths of said land." Motion for a new trial overruled, and defendant excepted. The evidence is in the record. The testimony shows that *John Cox,* the ancestor, in his lifetime, gave to each of his children by his first wife *choses in action* and personal property, to the aggregate value of $625; that he intended this as a gift in consideration that they were good children, and had assisted him in accumulating his property; that he intended that each of these four children should have this much more than his children by his second wife, unless the latter should live with him until they assisted in accumulating property equal to that accumulated by the labor of the former; that he did not intend that the children to whom he

made this gift should account therefor in the settlement and distribution of his estate, either personal or real. There is no conflict in the testimony, unless the legal presumption that property conveyed or transferred by a father to his children is *prima facie* an advancement, and not a gift, can make such a conflict. We do not think that this is such a conflict in the evidence as would place the case beyond the correcting power of this court. If it were so, then, however strong the testimony might be to rebut this legal presumption, the party would be without remedy by appeal, and in some cases this would work a denial of justice.

The true notion of an advancement is a giving by anticipation the whole or a part of what it is supposed a child will be entitled to on the death of the parent or party making the advancement. *Osgood* v. *The Heirs of Ebenezer Breed,* 17 Mass. 355. It is a question purely of intention. *Lawson's Appeal,* 23 Penn. St. Rep. 85; *Sherwood* v. *Smith,* 23 Conn. 516. The statute now in force on this subject, (1 G. & H., p. 293, sec. 12,) and that of 1843, (R. S. 1843, p. 439, sec. 134; p. 555, sec. 372,) are substantially the same. In the case of *Shaw* v. *Kent,* 11 Ind. 80, it was held by this court that, to constitute an advancement to a child " by settlement or portion of real or personal estate," under the act of 1843, such a settlement or portion must have been so intended.

In the absence of any statutory provision, the legal presumption is, that the conveyance of real and the transfer of personal property to a child by a parent is *prima facie* an advancement, and not a gift. But the intention of the parent can be shown by parol evidence.

Tested by these rules, the case at bar is not one of advancement, but of gift, and the Circuit Court erred in taking into consideration the sums given by *John Cox,* the ancestor, to his four children by the first marriage.

The appellant filed exceptions to the report of the commissioners who made partition of the land in question as

follows: "The said *Dillman,* by counsel, excepts to the report of the commissioners heretofore filed in this court, at the present term thereof, making partition, etc., and points out the following matters of exception, to wit: 1. Under the order to make partition in the proportion of one-fourth to the plaintiff, and three-fourths to the defendant, the commissioners erroneously set off one-fourth in quantity of the land to be divided without reference to the value which the one-fourth in quantity, thus set off, bore to the value of the whole tract to be divided, and thus in effect set off to *Alfaretta Cox* one-fourth in quantity, which the defendant *Dillman* avers was and is, in point of value, one-half the whole land; wherefore the defendant excepts, etc. 2. For further exception, the defendant further says that said reported partition is unjust and inequitable, in this, that the thirty acres set off to *Alfaretta Cox* were erroneously, inconveniently, and inequitably taken out of the middle of the tract, dividing defendant's land into two parcels, one each side of the portion assigned to the said *Alfaretta,* and wholly detached from each other by the portion of the said *Alfaretta,* and giving the defendant no means of access to his said land only through the portion of the said *Alfaretta,* or over the lands of other proprietors. 3. For further exception, the defendant, *Dillman,* says that the commissioners have not filed any plat of the subdivision of the land to be partitioned, and which they assume to divide in said report."

The plaintiff replied to the first and second exceptions, and demurred to the third. The demurrer was sustained; but no question is made in this court as to the sufficiency of this latter exception.

The appellant demanded a jury to try the issues of fact made by the exceptions to the commissioners' report, and the reply thereto. But the court refused to call a jury, and the defendant excepted and filed his bill of exceptions. The court, after hearing the evidence, overruled the exceptions to the report, and the defendant moved the court

for a rehearing; the motion was overruled, and he excepted. Final decree of partition. The evidence given on the hearing of the exceptions to the report is in the record.

The testimony shows that the commissioners in making partition gave the plaintiff one-fourth of the land in quantity, without regard to the value thereof; but it is shown that the land thus set off to the plaintiff was one-fourth in value as well as in quantity, and as substantial justice was done in this respect for this error alone, this court would not reverse the case. But, in making partition, regard should be had to the value and not the quantity of the land partitioned. Was the defendant entitled to a trial by jury on the issues of fact, on his exceptions to the commissioners' report?

The statute " Concerning Partition of Lands" provides, that " if *upon trial* of any issue, or upon default, or by confession, or by consent of parties, it shall appear that partition ought to be made, the court shall award an interlocutory judgment, that partition be made to parties who may desire the same, specifying therein the share assigned to each, and taking into consideration advancements to heirs of a person dying intestate, and the residue of the premises shall remain for the persons entitled thereto, subject to a future partition." 2 G. & H. 363, sec. 9.

This is analogous to the proceeding at common law, in which, if the plaintiff prevail, there are two judgments; the first, that partition be made between the parties, etc., and that the sheriff cause the land to be divided into as many parts as the case may require, and to be delivered and assigned to each party, (naming him,) his respective part to be holden to him and his heirs in severalty. Upon this judgment, the writ *de facienda partitione* issues to the sheriff, and upon his return, showing the manner of his executing it agreeably to the first judgment, the second and final judgment is rendered, "that the aforesaid partition be holden firm and effectual forever." (2 Sell. Pr. 315, 319.)

But while there are two judgments in partition cases, there is but one trial, and that is had before the respective rights of the parties are determined by the interlocutory judgment of partition. It is not every question of fact which may arise in the progress of legal proceedings that entitles the parties to a jury. The constitutional provision is, that "in all civil cases the right of trial by jury shall remain inviolate." This only secures to parties the "right of *trial*" by jury. There are many motions addressed to the court in the progress of a cause involving questions of fact; it would be an anomaly in legal proceedings if in all such motions the parties could call a jury.

Exceptions to the report of commissioners in partition cases are addressed to the court, and are determinable without the intervention of a jury.

The judgment of the Circuit Court is in all things reversed; the finding of the Circuit Court, and all the subsequent proceedings are set aside at the cost of the plaintiff below, and this cause is remanded to said court with directions to grant the appellant a new trial, and for further proceedings in accordance with this opinion. Costs here.

*W. Z. Stuart*, for appellant.