M. JEANNETTE MANNING, by her next friend JOSEPH
T. MANNING vs. ROSALIE B. THRUSTON and others.
ELIZABETH H. THRUSTON, and others vs. CHARLES
P. MANNING, Ex'r, and others.

*Construction of a Will—Advancement—Interest—Set-off.*

The will of a testator contained the following provision : " I declare
that all such money or other property as I have or may or do give,
or have advanced to any of my children or grandchildren during
the life of such child or grandchild, shall not be chargeable to
such child or grandchild in the division of my estate, but shall be
in addition to, and not in satisfaction of any legacy or portion or
other benefit given by this my will ; but I further declare that all
net amounts actually paid by me, or which I hereafter pay, or
which I am now liable for, and have to be paid by my executors
out of my estate for my deceased son, C. B. T., since his death,
shall be chargeable to and form part of the third part of my estate
given to his children as hereinafter bequeathed ; and for the benefit
of my son G. A. T., and my daughter J. M. equally, so that the
third portion of all my estate given to each of them, my last named
son and daughter, shall exceed by one-half of all the money I have
paid or may hereafter pay, or am liable for, and my executors or
estate has actually to pay for my late son C., and since his death,
the third portion given by me to his children in and by this my
last will." The property constituting the residue of the testator's
estate, including, after the death of his widow, the property given
her for life, was given to his executors for sale and distribution in
accordance with the following clause of his will: " I give and
bequeath to each of them my son G. A. T., his heirs and assigns,
and my daughter J. M., her heirs and assigns, one-third of all the
rest, residue and remainder of all my estate, real, personal and
mixed, and to R. B., E. H., and C. M. T., children of my deceased
son C. B. T. their heirs and assigns, the remaining third portion of
my estate, not hereinbefore bequeathed, that is to say, of the rest,
residue and remainder thereof, charged however and chargeable
with the money actually paid by me, or which I may hereafter pay,
or am liable for, and is hereafter paid by my estate or my executors
since the death of their father, for him as aforeherein directed and
declared to be my will and intention." HELD:

1st. That it was the intention of the testator to put the payments made by him or his executors on account of C. B. T., on the footing of an advancement in its technical sense, and that as such no interest was chargeable thereon.

2nd. That the testator intended his estate to be divided into three equal parts between his children, (treating the children of C., [the son,] as representing one share,) and that the amount actually paid for C. was to be regarded as a part of his estate *for the purpose of distribution only*, so that the other children would be put upon equality to the extent of the amount so paid for C.

3rd. That the amount of certain notes of G. A. T. guaranteed by the testator and proved against the estate of the latter, and paid by his executor, ought to be set off in the distribution against the share of G. A. T.

APPEALS from the Orphans' Court of Allegany County.

The case is stated in the opinion of the Court.

The causes were argued before MILLER, ALVEY, ROBINSON, and IRVING, J.

*Will S. Bridendolph,* and *Ferdinand Williams,* for Jeannette Manning.

*Benjamin A. Richmond,* and *William Brace,* for the children of Charles B. Thruston.

IRVING, J., delivered the opinion of the Court.

Charles M. Thruston, of Allegany County, by his will, appointed Charles P. Manning and George A. Thruston, his executors. George A. Thruston having died, Charles P. Manning, became surviving executor. These cross-appeals grow out of orders of the Orphans' Court, of Allegany County, upon the surviving executor's accounts. One of the questions presented involves the construction of the will. By the first clause the testator gives certain real and personal property to his wife for life. By the

second he gives a specific legacy to his daughter Mrs. Manning after the death of his wife, the life tenant.   By the third clause, after giving certain pecuniary legacies not affected by this controversy, he makes this provision, "I declare that all such money or other property as I have, or may, or do give, or have advanced to any of my children, or grandchildren, during the life of such child or grandchild, shall not be chargeable to such child or grandchild in the division of my estate, but shall be in addition to, and not in satisfaction of any legacy or portion, or other benefit given by this my will, but I further declare, that all net amounts actually paid by me, or which I hereafter pay, or which I am now liable for, and which have to be paid by my executors out of my estate, for my deceased son, Charles B. Thruston, since his death, shall be chargeable to, and form part of the third part of my estate given to his children, as hereinafter bequeathed; and for the benefit of my son George A. Thruston, and my daughter Jeannette Manning, equally, so that the third portion of all my estate given to each of them, my last named son and daughter, shall exceed by one-half of all the money I have paid or may hereafter pay, or am liable for, and my executors or estate has actually to pay for my late son Charles, and since his death, the third portion given by me to his children in and by this my last will."

The fourth clause gives all the residue of his property, including the remainder, after the death of his wife, in the property given her, to his executors for sale and distribution in accordance with the next clause of the will, which is the fifth clause, and is as follows: "I give and bequeath to each of them, my son George A. Thruston, his heirs and assigns, and my daughter, Jeannette Manning, her heirs and assigns, one-third of all the rest, residue and remainder of all my estate, real, personal and mixed, and to Rosalie B., Elizabeth H. and Charles M. Thruston, children

of my deceased son, Charles B. Thruston, their heirs and assigns, the remaining third portion of my estate, not hereinbefore bequeathed, that is to say of the rest, residue and remainder thereof, charged however, and chargeable with the money actually paid by me, or which I may hereafter pay or am liable for, and is hereafter paid by my estate or my executors since the death of their father, for him as aforeherein directed, and declared to be my will and intention."

The facts as admitted are, that Charles B. Thruston died in 1868, before the will was made, which was made in 1869; that the testator died in 1873; that George A. Thruston died the 4th of May, 1874, and the widow of the testator Nov. 14th, 1881. It is also admitted that at the time of Charles B. Thruston's death, his father the testator was liable for (and afterwards paid) the sum of nine thousand nine hundred and twenty-nine dollars and eighty-five cents, ($9929.85) as surety for Charles B. Thruston; and that the testator afterwards proved the same against the estate of his son Charles and received dividends thereon which reduced the sum paid on account of suretyship for Charles B. Thruston, by his father, to the sum of forty-seven hundred and fourteen dollars, and ninety-six cents, ($4714.96.)

In the account which was propounded by Charles P. Manning, surviving executor, on the 11th of August, 1882, which was the fourth account upon the estate, the executor charges himself with sundry amounts of cash received since his last accounting, amounting to $6251.95, and prays allowances for sundry disbursements, including an overpayment of $22.66 on his third account, amounting in all to $730.57, and reducing the amount actually in hand to $5521.38. To this sum he then adds $4714.96 under the following description: "Advancements to the estate of Charles B. Thruston, deceased heir of Charles M. Thruston, deceased, per statement annexed and recorded with

the first account of C. P. Manning, surviving executor of said C. M. Thruston, deceased, in the Orphans' Court of Allegany County.   Interest on said advancements to August 11th, 1882, $3899.31," is then added.   Then follows this language "Add amounts distributed to George A. Thruston and M. Jeannette Manning, heirs of C. M. Thruston, deceased, as per said executor's first and second accounts, $5432.07."   These several sums added together make the amount of $19,567.72, which is then distributed in the account as follows:

"To the Estate of George A. Thruston, 'son,'
       amount of former dividend..................... $2716 03½
    "Distribution in this account to the estate
of Geo. A. Thruston, 'son,' is accounted for
as follows:
"Paid John H. Young, 'note,' Geo. A. Thruston    916 59
"R. W. Pucy, 'note,'                "    "        546 69
"Executors S. P. Smith,             "    "        496 21
"M. M. Townsend,                    "    "        364 73
    "The above claims with interest to date
were paid by C. P. Manning, surviving execu-
tor of C. M. Thruston, deceased, are hereby
charged by him to the estate of Geo. A.
Thruston as portion of that estate's distribu-
tive share in this account.   The said claims
being notes given by the late Geo. A. Thrus-
ton, and guaranteed by the late C. M. Thrus-
ton.
" Paid Estate of George A. Thruston,
       'son,'....................................... ......... 436 47
                                                  _____
                                                  $5476 72½

Brought forward. .........  .............. $5476  72½
"To M. Jeannette Manning, 'daugh-
  ter,' amount of former dividend...2716  03½
"Distribution in this account..........2760  69
            ——— $5476  72½
"To the heirs of Charles B. Thruston,
 'son,' advancements as per state-
 ment of  Charles  P.  Manning,
 &c.  * * *.......................  ......$4714  96
"Interest, &c. * * *......................  ......3899  31
        .   ——— 8614  27
              —————
              $19,567  72"

On the 11th of August, 1882, this account was rejected, and the Orphans' Court ordered another account to be stated.

The directions for that account declared the money paid for Charles B. Thruston " after said Charles B's decease, is an advancement to the heirs of said Charles B. Thurston, and no interest is chargeable on such advancement, and that as soon as there is distributed to the estate of George A. Thruston and Jeannette Manning, each the sum of forty-seven hundred and fourteen dollars and ninety-six cents ($4714.96,) the money arising out of the sales of the remaining property belonging to the estate, shall be distributed, after paying all debts and expenses of the estate, as follows, to wit: one-third to the estate of George A. Thruston, one-third to M. Jeannette Manning, and the remaining third to the children of Charles B. Thruston," and in stating the account ordered the executor to pay the several debts (which had been set off in the distribution against George as his debts for which his father was only security,) as debts of Charles M. Thruston proved against his estate ; and then to distribute the remainder of the estate to George A. Thruston and Mrs. Manning.  The effect of this decision and order was to charge the estate

of the testator with the payment of George's debts, and still to give him a share of the estate undiminished thereby, and thus to leave nothing to be distributed to the children of Charles, because by this method of computation the distributive shares of George and Jeannette did not reach the amount of "advancements" on account of Charles M. Thruston. The account was stated in accordance with the views and order of the Orphans' Court, and was excepted to; but the exceptions were overruled and the account was ratified and confirmed. Mrs. Manning by her appeal complains of the disallowance of interest upon the payments on account of Charles B. Thruston, which she contends the Court improperly called and treated as "advancements;" and also of the refusal to allow the debts paid for George A. Thruston to be set off against his distributive share. Elizabeth H. Thruston and others, children of Charles B. Thruston, by their appeal make the same complaint against the order disallowing the set-off against George B. Thruston's distributive share. They insist, however, that the disallowance of interest upon the so-called "advancements" on account of their father, Charles B. Thruston, was perfectly proper. The determination of the question whether interest is properly chargeable upon the payments made on account of Charles B. Thruston, depends entirely upon the construction to be given the will of Charles M. Thruston.

Technically this was not an "advancement," as it is called by the Orphans' Court and by the account; because it is not a case of intestacy. *Clark and others vs. Willson, Adm'x,* 27 *Md.,* 700; *Pole vs. Simmons and Pole, Ex'rs, et al.,* 45 *Md.,* 250. But it does not follow, as has been contended, that because it is a claim against Charles B. Thruston's children, and their distributive share of the estate, and not a technical advancement, it is of necessity an interest bearing debt. On the contrary, we think it

is apparent from the language of the testator in several places in his will, that he intended no interest to be added to the actual amount paid by him or his executor. In other words, we think he intended this to be put upon the footing of an advancement in its technical sense; and if so, no interest would be chargeable by the current of authorities applicable to an advancement case. *Osgood vs. Breed's Heirs*, 17 *Mass.*, 355; *Miller's Appeal*, 31 *Pa. St.*, 337.

We think the Orphans' Court was right in supposing that the testator intended his estate to be divided into three equal parts between his children (treating the children of Charles [the son] as representing one share), and in regarding the amount "actually paid" for Charles as a part of his estate *for the purpose of distribution only,* so that the other children would be put upon equality to the extent of the amount so paid for Charles. We think the Court was right also in charging no interest upon the amount paid for Charles, but the Court destroyed the equality of distribution by their ruling with respect to the debts of George paid by his father's executor, and to that extent there was error. It is clear that the will contemplates equality between the living children and the children of the deceased son at the time when distribution could be made. And just here it should be remarked that because of the life tenancy of the widow, the sales creating the fund now being distributed could not be made until her death, so that this distribution was made at the very earliest practicable period.

The fifth clause of the will in express terms gives one-third of the estate to M. Jeannette Manning and George A. Thruston, his children then living, and the remaining *"third portion"* to the children of Charles B. Thruston, his deceased son, by name; and in speaking of those children of Charles B. Thruston, *twice* in this clause is the portion given them called *"the third"* of the estate. In the

fourth clause the executors are directed to divide the estate as directed in the fifth clause.   In the third clause the portion given these children of Charles B. Thruston is called the "third portion," but language is also used which has led to the contention that the testator did not mean what he expressly says in the fifth clause.   That language is the direction that the "third portion" of George A. Thruston and M. Jeannette Manning shall exceed by one-half the sum paid for Charles.   To give each child and the representatives of the deceased son a third of the estate, and yet have the portion of Jeannette and Charles exceed the portion of Charles' children by one-half the sum paid for Charles seems to be impossible.   Even in this third clause, by the designation of the several portions as the third portion of the estate, does it appear he intended an equal division of the estate.   So that it is clear that this qualification must be rejected as not expressing what the testator meant and has so clearly and unequivocally expressed in the fifth clause.   Whenever there is irreconcilable inconsistency between two clauses in a will the latter will control.   *Sims vs. Doughty,* 5 *Ves.,* 243 ; 2 *Bl. Com.,* 381 ; *Co. Litt.,* 122 ; *Hollins vs. Coonan,* 9 *Gill,* 62.

The intent to make an equal distribution between the children living and the representatives of the dead child, (counting them as one) being clearly gathered from the will, we think it equally apparent, from the language used, that the testator intended to equalize that distribution as of the time it ought to be and could be made, by *then* charging against the children of Charles, his son, the sum actually paid on his (Charles') account after his death, without any addition of interest from the time it was paid to the date of distribution.   The testator declares "that all net amounts actually paid," &c., for Charles B. Thruston shall be chargeable against the third part of his estate given to the children of Charles.   The natural inference from the use of the words "net amount" and "sums actu-

ally paid" is that the amount so paid was the *exact* amount to be charged against those children. The use of those terms excludes the idea that the sum "actually paid" for Charles was to be augmented by interest accumulating for an indefinite period until distribution could be had. He meant that this amount, paid for Charles after Charles' death, should not be treated in the same way as what he had given to his several children in their life-time, which he expressly declares to have been a gift and not an advancement, but that this sum so paid should be treated as an advancement. He did not intend it to be a part of his estate for all purposes, as other assets, but only treated as part for the purpose of the distribution; for he always charges that sum against the "*third part*" going to Charles' children, thereby putting it on the footing of advancement. He could not have intended, therefore, that sum to be at interest, and thereby make it possible that his son, Charles', children should be deprived of all participation in his estate, as they are on that theory.

In *Andrewes vs. George*, 3 *Simons*, 393, the Vice-Chancellor rules as we do here. There the testator gave his personal estate to two trustees, in trust to pay his debts, and then to pay the income to his wife during her life, and after her death to pay over the capital to his five children; and then after reciting that on sundry occasions, when they were in especial need, he had advanced divers sums to certain of his children for their temporary relief, "he directed that his trustees should, before they made such division or distribution of his estate, deduct and take from such of his said sons' and daughters' shares, so much money as had been *advanced* and *lent* to him, her or them by him, so as to render their shares quite equal and to the amount they would have been entitled to, had he not advanced the said sums of money." The Vice-Chancellor held that the "deductions should be made at the time when his property would become divisible," and that interest

would not be computed till after such time.   That case is
singularly analogous to this, and we think the will under
consideration should receive a like interpretation.   He
intended no advantage to result to the other distributees'
by reason of the earlier enjoyment by one, of a part of
his portion.   He intended an actual equality in portion,
without reference to the time of enjoyment respectively.
If the amount had been stated in the will, that is, if the
testator had directed the $4714.96, which he had paid for
his·son Charles, to be charged against his children's distri-
butive share, we apprehend there would be no contention
that more than that sum, as named, could be charged
against them.   Interest in such case would not be added.
We think the designation of the amount to be charged as
the "net amount actually paid," is quite as restrictive as
the actual naming of the sum, and leaves no room for a
reasonable doubt, that the testator did not intend interest
to be added.

In respect to the other question, whether the debts of
George A. Thruston, proved against his father's estate,
because he was surety therefor, and which had been paid
by the executor, were properly set off against the distri-
butive share of George, all parties who are represented in
this Court, are agreed, that it was error on the part of
the Orphans' Court, to disallow such set-off, and to order
the executor to pay the debts without charging George
with them.   It was not only right, but it was the duty of
the executor to make the set-off and insist upon it.   That
was long ago settled in this State by express decision in
this Court.   In *Smith & Talbott vs. O'Donnell,* 9 *Gill,* 84,
the equity of such rule, as to set-off, is most forcibly shown
and emphatically laid down; and that decision was but
the re-assertion of a time honored, and well established
doctrine on that subject.   *Jeffs vs. Wood,* 2 *Pere Williams,*
129; *Sims vs. Doughty,* 5 *Vesey,* 243; 1 *Roper on Legacies,*
929.   In this case the decision of the Orphans' Court

worked marked injustice, in charging the debts of one dis-
tributee against his children, to the enhancement of the
share of another distributee, whose debts were *ordered* to
be paid by his father's estate, to the entire exclusion of
his brother's children from any portion of the estate. It
follows from what we have said that if the account of the
executor Manning, as first presented to the Orphans'
Court, had omitted any charge of interest on the money
paid for Charles B. Thruston, it would have been unex-
ceptionable. It was not the only way of stating the
account, to bring about a proper result; but it was a legi-
timate way. Having subjected it to close examination and
arithmetical proof, we see no reason why the account upon
remand should not be stated in that way, excluding only
the charge for interest, to which we have alluded. Had
that erroneous charge not been made the distribution
would have given to each distributee, (counting Charles'
children as one,) $5222.80 as their one-third part of the
whole estate. Deducting from this sum the amount
actually paid for Charles, there would be left for Charles'
children in this last distribution $507.84. Deducting from
George's distributive share, ($5222.80,) the amount of his
former distribution, $2716.03, and the amount of debts
paid for him by the executor $2324.22, making together
the sum of $5040.25, the additional sum of $182.55, is left
for George from the funds still in the hands of the execu-
tor. That the mode by which the account was first stated
(if you exclude the interest) in charging the amount paid
for Charles as a part of the estate before division, and then
crediting his children's share with those payments, is an
accurate mode of accounting, will be apparent by a simple
calculation treating it simply as a charge against the third
part given Charles' children. Excluding the money paid
for Charles altogether, the whole amount of the estate for
distribution is $10,953.45. If this sum be equally divided
between George and Jeannette, their shares will be

$5476.72, which exceeds what Charles has had by payments for him by $761.76. Double this excess and we get the sum of $1523.52, which divided between the three will give each $507.84. Add this sum to the $4714.96 paid for Charles, and it gives $5222.80 as the full distributive share, being exactly the same as by the account which was rejected, when the interest is taken from it.

The only correction, therefore, necessary to be made in the account first proffered as the fourth account, and which was rejected by the Orphans' Court, is to erase the charge of interest on the payments for Charles, then correct the addition by the deduction of the interest from the present total; and then make the distribution to correspond with the views herein expressed. The order of the Orphans' Court passed on the eleventh day of August, 1882, rejecting the fourth account of the executor and directing the statement of a new account, and directing the method of statement will be reversed ; and the order of the 22nd of August, 1882, ratifying the account stated in pursuance of the order of the 11th of August, 1882, will be reversed; and the cause will be remanded to the end, that the fourth account of the executor, which was rejected by the Court may be modified in accordance with the views we have expressed. A reversal will be ordered in both cases; but inasmuch as Mrs. Manning fails, as against the children of Charles B. Thruston, in her contention concerning the interest upon the payments for their father, she will be directed to pay the costs of her appeal. As the executor was in no way responsible for the order respecting the set-off against George A. Thruston, and did not defend it in this Court, the costs of the appeal against him by Elizabeth H. Thruston and others, will be paid out of the funds in his hands.

> *Orders reversed, and*
> *cause remanded.*