DAVIS ET AL. *v.* CHRISTIE.

[No. 16,010.   Filed February 13, 1940.   Rehearing denied March 27, 1940.   Transfer denied May 27, 1940.]

*Otis E. Gulley* and *George W. Hadley,* both of Danville; *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellants.

*Edgar M. Blessing,* of Danville, for appellee.

BRIDWELL, P. J.—Appellants brought this action against appellee for partition of approximately 472

acres of land in Hendricks County, Indiana, of which Oscar B. Lockhart died seized, and intestate. In the complaint, the real estate is described in four separate tracts, designated respectively as tract No. 1, 2, 3 and 4 Issues were joined, and the cause submitted to the court for trial. In due course, the court made its decision, finding the proportion of ownership of each of the parties in each of the respective tracts of land, and finding further that some of the tracts were not susceptible of division without irreparable injury to the owners thereof, and should be sold, and the proceeds of sale divided among the owners in accordance with their respective interests as determined by the court. Judgment followed. A motion for a new trial was duly filed by appellants. This motion was overruled by the court, appellants reserving an exception to the ruling, and thereafter perfecting this appeal. The only error assigned is the overruling of said motion.

The causes asserted for a new trial are that the decision of the court is not sustained by sufficient evidence; that said decision is contrary to law; error in the admission of certain evidence, and error in overruling motions to strike out the evidence claimed to have been erroneously admitted.

The correctness of the court's decision as to the ownership of tracts 1, 2 and 4 of the real estate involved is not questioned, but it is contended by appellants that the court, under the evidence and the law applicable to the proved facts within the issues, erred in its decision in holding that appellee is the owner of an undivided one-half interest of tract 3 consisting of 188 acres of land conveyed by Nancy A. Lockhart, the mother of the deceased Oscar B. Lockhart, to him, by quitclaim deed, on July 6, 1933.

The evidence discloses that one Jacob Lockhart, who died testate in the early part of February, 1933, was the owner of the said 188 acres at the time of his death; that he left surviving him his widow, Nancy A. Lockhart, who died intestate June 19, 1935, and one child, the decedent, Oscar B. Lockhart, through whom, by descent, all parties claim the respective ownership of said real estate which they assert. It is stipulated that Oscar B. Lockhart died intestate July 4, 1935; that he was never married; that his mother, Nancy A. Lockhart, died intestate June 9, 1935, leaving as her heir and only heir at law the said Oscar B. Lockhart; that Oscar B. "did not leave surviving him a widow, father or mother, grandfather or grandmother, child or children, or descendants of a deceased child or children, brother or sister, or descendants of a deceased brother or sister." It further appears from the stipulation made that the parties to this appeal are the sole surviving heirs at law of said Oscar B. Lockhart; appellants being of the maternal line of kindred and appellee the sole heir of the paternal line.

There is also evidence from which the court could find the following facts to be true. Shortly after the will of Jacob Lockhart was probated, on February 6, 1933, his widow, Nancy A. Lockhart, and his son, Oscar B. Lockhart, each expressed dissatisfaction with the disposition of the testator's property, as provided for by the will; a lawyer was consulted, and there was "talk" of an attempt to set aside the will if a satisfactory adjustment could not be made with Butler University, the beneficiary under the terms of the will to which the testator had devised the 188 acres of land described as tract 3 in the complaint, subject to a life estate of Oscar B. Lockhart, and to "the support of my wife" (Nancy A. Lockhart) during her life. The

will also created a trust; named the Danville Trust Company as executor, and as trustee of said trust, and directed that, after compliance with the terms of the will and of the trust, the residue of the estate go to said Butler University, to be used as provided for by the will. On February 13, 1933, the widow, Nancy A. Lockhart, duly filed her renunciation of the will and her election to take under the laws of descent of this state. Thereafter, it appears from the evidence, negotiations ensued between the Lockharts (Nancy A. and Oscar B.) on the one side, and Butler University on the other, all parties being represented by their respective counsel, and eventually an adjustment was reached, and the agreement consummated by the making of quitclaim deeds to certain real estate of which Jacob Lockhart died seized. Butler University, on May 9, 1933, conveyed to Nancy A. Lockhart 323.4 acres of said real estate, including said tract 3, the 188-acre tract of land involved in this controversy; and Nancy A. and Oscar B. Lockhart, on May 12, 1933, conveyed to "Butler University, residuary devisee under the terms of the last will and testament of Jacob Lockhart, deceased," 79½ acres of said real estate. The "Danville Trust Company, as executor and trustee of the last will and testament of Jacob Lockhart, deceased, . . . by order of the Hendricks Circuit Court, . . . in consideration of the sum of one dollar and the exchange of property" conveyed to Nancy A. Lockhart 135.4 acres of land, said acreage being a part of the real estate which Butler University had theretofore quitclaimed to her on May 9, 1933, this deed from the executor and trustee was executed on July 5, 1933. On the following day, July 6, 1933, Nancy A. Lockhart, by quitclaim deed conveyed to Oscar B. Lockhart, the 188

acres designated in the complaint as tract 3. The consideration as expressed in this deed is as follows: "for and in consideration of one ($1.00) and other considerations, dollars, the receipt whereof is hereby acknowledged." The title to this 188 acres was vested in Oscar B. Lockhart until his death intestate on July 4, 1935. The deeds heretofore mentioned were all executed within approximately six months after Jacob Lockhart's death. No action was brought to contest his will.

Appellants assert that Oscar B. Lockhart received this 188 acres from his mother as a *gift,* and that under our statute of descent, they, being the sole heirs of the maternal line of kindred, inherited the same to the exclusion of the appellee. If the deed from Nancy A. to her son was intended to and did consummate a gift from her to him of said land, then such contention is maintainable, since the evidence without dispute shows that there were no persons other than the parties to this appeal entitled to take the inheritance under our laws governing the descent of real estate, and that appellants are all of the persons who are of the maternal line of kindred.

The applicable statute provides, among other things, that if the inheritance came to the intestate by "gift, devise or descent" from the maternal line, it shall go to the maternal kindred if such there be entitled to take, and it further provides that "if the estate came to the intestate otherwise than by gift, devise or descent, it shall be divided into two equal parts, one of which shall go to the paternal and the other to the maternal kindred, . . . and on the failure of either line, the other shall take the whole." § 6-2305, Burns' 1933.

Whether the land passed to Oscar B. Lockhart as a gift or otherwise, was a question of fact for the trial

court to determine. As bearing upon this question, the court heard evidence as to what was said by Nancy A. Lockhart, the grantor, at the time of making the deed; evidence as to statements made by both Nancy A. Lockhart and Oscar B. Lockhart following the probate of the will of the deceased husband and father relative to their dissatisfaction with the terms of the will, and their purpose to contest same if a satisfactory adjustment concerning a disposition of the assets of the estate could not be made with Butler University, the residuary devisee under the terms of the will; evidence concerning the negotiations for settlement between the Lockharts and Butler University and as to the result of such negotiations; evidence of the making of deeds conveying real estate of which said testator died seized by the executor and trustee of the estate and by said Butler University to Nancy A. Lockhart, and a deed from the said Nancy A. and Oscar B. Lockhart to the residuary devisee.

Error in the admission of certain evidence, over objections of appellants, is claimed. We have considered this question, and are of the opinion that the evidence sought to be excluded was competent as bearing upon the question of the character of the conveyance made to Oscar B. Lockhart by his mother, and to aid the court in determining whether or not the deed to him was made for the purpose of bestowing a gift of the 188 acres upon him, or was motivated by other considerations. Where the grantor and grantee in a deed conveying land sustain the relationship of parent and child (the grantor being the parent), the intention of the grantor may be shown by parol proof, and there exists no presumption that a gift was intended. *Woolery* v. *Woolery* (1868), 29 Ind. 249, 253.

We have read all of the evidence, and conclude that from the facts proved, and the reasonable inferences which could be drawn therefrom, there is sufficient evidence to sustain the decision. Having reached this conclusion, there is no reason apparent from the record which would justify a holding that the decision is contrary to law.

Finding no reversible error, the judgment is affirmed.

Stevenson, J., not participating.

NOTE.—Reported in 24 N. E. (2d) 273.