*H. W. Chase* and *J. A. Wilstach*, for the appellant.

———————— ◦◆◦ ————————

## WILLETTS *v.* WILLETTS and Others.

Where advancements have been made by the father to his children in his lifetime, and he dies, his estate, out of which his widow shall be entitled to a distributive share under the statute, shall be what remains, exclusive of the sums advanced.

APPEAL from *Wayne* Common Pleas.

HANNA, J.—*Jane Willetts*, widow of *William Willetts*, sued the administrator and children of said *William*, alleging that certain notes executed to said *William*, by said children, respectively, had come into the hands of said administrator, which he refused to collect, and pay to her her distributive share, etc.

*Answer.* 1. Denial. 2. That the sums, evidenced by the notes, were advancements. 3. Ante-nuptial contract.

Demurrer overruled. Reply in denial. Trial by the Court, and finding for the defendants.

It is urged that, under our statute, heirs must account for advancements; that in considering the same, a widow is entitled to her distributive share thereof. In other words, that the husband can not bestow his property, in his lifetime, as an advancement, in disregard of the inchoate right of the wife therein; and, therefore, the answer was insufficient. The simple question is: If A should die, leaving two children and a widow, and fifteen thousand dollars, whether that is the amount to be distributed; or whether other ten thousand dollars, that may have been advanced in equal sums to the children, shall also be taken into the account? If the former sum only, then there would be five thousand dollars for each, the children and the widow. If the latter proposition is correct, then the widow would be entitled to eight thousand three hundred and thirty-three dollars thirty-three cents of the fifteen thousand dollars on hand at A's death. We do not believe that this latter is a correct construction of our statutes on that subject.

It is next urged, that the evidence does not show that the several sums obtained from the deceased by his children, and evidenced by said notes, were intended as advancements. There is some conflict in the evidence upon this point, but the least that can be said is that it tends to sustain the finding of the Court.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. B. Julian* and *J. F. Julian*, for the appellant.

*George Holland* and *John F. Kibbey*, for the appellees.