## No. 12,062.

## RUCH, ADMINISTRATOR, ET AL. *v.* BIERY ET AL.

DECEDENTS' ESTATES.—*Administrator.—Appeal.—Distribution of Estate.*—It is the duty of an administrator to prosecute an appeal to the Supreme Court, where he has reasonable ground to believe that the court below has erred in its judgment and order as to the distribution of the estate.

SUPREME COURT.—*Appeal.—Administrator.—Bond.— Unnecessary Parties.*— In an appeal by an administrator or executor, no bond is necessary, and a motion to dismiss such appeal for want of a bond, because there are other appellants unnecessarily joined, will not be entertained.

ADVANCEMENT.—*Definition.*—An advancement, in legal contemplation, is the giving by a parent to a child, by way of anticipation, of the whole or a part of that which it is supposed the child will be entitled to, on the death of the parent, or person making the advancement.

SAME.—*Parent and Child.—Intention.*—The question as to whether a conveyance or transfer of money or property to a child is to be regarded as a gift, or an advancement, is to be determined by the intention of the parent.

SAME.—*Presumption.— Voluntary Conveyance.*—A voluntary conveyance of land by a parent to a child is presumed to be intended as an advancement, and the burden of proof is upon the party claiming it to be anything else.

SAME.—Where a question of advancement is involved, and there is no satisfactory evidence as to the character of the transaction at the time the conveyance was made, the surrounding circumstances are looked into, and in the absence of evidence to the contrary, the law will ascribe to the donor that intention most favorable to an equal distribution of his property among all his children.

SAME.—A father conveyed to his four sons all of his real estate, comprising substantially the whole of his estate. These conveyances were made without any agreement that anything should be paid, except a stipulated annuity during the lifetime of the father equal to six per

cent. of the consideration named in the deeds. No gifts or advancements had been made to the other children. In the absence of evidence showing a contrary intention on the part of the donor, *Held*, that such conveyances should be treated as advancements.

DECEDENTS' ESTATES.—*Advancement. — Rights of Widow. — Distribution of Estate.* —Under section 2407, R. S. 1881, the widow is excluded from participation in advancements. After she receives one-third of what remains, after paying the $500 allowed her by law, and the debts and expenses of administration, the surplus and the advancements are to be aggregated, and the shares of the children equalized as nearly as may be under the several provisions of the statute on that subject.

From the Clinton Circuit Court.

*T. H. Palmer* and *W. F. Palmer*, for appellants.

*J. V. Kent* and *J. N. Sims*, for appellees.

MITCHELL, J.—On the 17th day of March, 1883, William H. Ruch, as administrator of the estate of Peter Ruch, deceased, filed his final account and report, showing that the estate had been fully settled, leaving a stated balance in his hands for distribution to the widow and heirs at law. He showed that all the debts and claims against the estate had been paid, and that the surplus in his hands consisted largely in claims against certain of the heirs of the decedent. He asked an order of the court authorizing him to distribute the surplus, and empowering him to allow such of the distributees as were indebted to the estate, the benefit of their distributive shares, as credits on the amount of their indebtedness.

Maria Biery and Susannah Kuhns, daughters of the intestate, appeared and filed exceptions to the report.

Among other grounds of objection, they excepted because the report failed to bring into the account, in addition to the sums which the administrator alleged certain of the heirs were indebted to the estate, about $12,000, which they charged had been advanced by their father in his lifetime, to their brothers, of whom there were four.

Upon the issues thus made the court found the facts specially, and stated its conclusions of law thereon.

The special findings show, that Peter Ruch died intestate,

in Clinton county, in April, 1881, leaving a widow and four sons and two daughters surviving.

In the year 1867 the intestate conveyed to each of his sons, respectively, 95 acres of land. These conveyances comprised the whole of his landed estate, consisting of a 380 acre farm.

The special finding recites that the deed to Joseph named therein a consideration of $2,280; that to George $2,850; that to William $3,420; and that to Martin $3,800. It is also found that these several sums represented the value of the tract conveyed to each son respectively. As a part of the same transaction, each son, except Martin, who was a minor at the time, and whose deed was not recorded until April, 1873, executed a separate note or contract, stipulating for the payment to his father during his lifetime, of an annuity equal to 6 per cent. of the consideration named in the respective conveyances. These notes were secured by mortgage. In 1873 Martin received his deed, and at the same time executed a bond similar to those given by his brothers, except that the annuity stipulated for was payable to his father and mother during their joint lives, and to the survivor during his or her life.

It was found by the court that there was no agreement between the intestate and his sons for the payment of anything besides the annual instalments provided for by the above recited contracts, and that no other consideration ever had been paid, and that it was not contemplated that any other should be paid, as purchase-money for the land conveyed.

No gifts or advancements had ever been made by the intestate to either of his daughters.

The sons failed to pay the stipulated annuities, and there remained due on that account from William $2,397.42, from George $2,677.45, from Joseph $2,145.48, and from Martin $912.

These sums, after the payment of the debts and expenses of administration, constitute substantially the whole estate for distribution.

The court found that there remained on hand for distribu-- tion the sum of $8,745.20, as shown by the report of the ad-- ministrator, making, in connection with the sums named as the consideration and value of the real estate conveyed, a total sum of $21,095.20.

As conclusions of law the court stated that the lands were conveyed as advancements to each of the sons, for the amounts. stated in the several deeds, and that the widow was entitled to one-third of the gross sum of $21,095.20, or $7,031.73⅓, and that each of the six children was entitled to one-sixth of the remainder.

Judgment was entered accordingly, over exceptions duly taken by the administrator.

The administrator appealed. He is joined in the appeal by two of the sons. There is a motion to dismiss the appeal,. because no bond was filed within ten days.

Section 2457, R. S. 1881, provides that it shall not be necessary in appeals by executors or administrators, that such persons file an appeal bond.

That the sons were made parties appellant unnecessarily, will not authorize the dismissal of the appeal as to the administrator. It is also said that the latter has no such interest in the judgment rendered as authorized him to prosecute an appeal. This position is not tenable. It was the duty of the administrator to appeal if there was reasonable ground to believe that the court had fallen into an error in. its judgment and order of distribution.

Upon the facts stated in the special finding, the conclusion of the court that the conveyances to the sons were intended as advancements, was fully justified.

As to what constitutes an advancement in the abstract, the books furnish a ready answer. An advancement, in legal contemplation, is the giving by a parent to a child, by way of anticipation, of the whole or a part of that which it is supposed the child will be entitled to on the death of the

parent, or person making the advancement. *Dillman* v. *Cox*, 23 Ind. 440.

Nothing is better settled .too, than that the intention of the parent determines whether a conveyance or transfer of money or property to a child is to be regarded as a gift or an advancement. The nature of the transaction, in these respects, follows the intention of the donor. *Woolery* v. *Woolery*, 29 Ind. 249; *Duling* v. *Johnson*, 32 Ind. 155.

To ascertain the intent or motive which induced the conveyance or transfer, or. to discover the evidence which establishes the donor's intention, is sometimes attended with embarrassment and difficulty. When the intention of the donor is not otherwise manifested, the law indulges presumptions which are controlling. Each case must, however, depend largely upon its own peculiar circumstances.

In the case before us, it is found that all of the lands which the father owned, which comprised practically the whole of his estate, were conveyed to his sons. These conveyances were made without any agreement that anything should be paid, except a stipulated annuity during the lifetime of the father. The sons were thereby effectually assured of their inheritance in advance. It was beyond the power of the donor to recall, encumber, or in any manner disappoint them of their portion. Whether their sisters, or even their mother, who had joined in the conveyances, would receive substantially anything from their father's estate, depended upon whether he should live long enough to accumulate a portion for them out of the annuities that were reserved to be paid by the donees.

A voluntary conveyance of land by a parent to a child is presumed to have been intended as an advancement, and the burden of proof is upon the party claiming it to be anything else. *McCaw* v. *Burk*, 31 Ind. 56; *Dille* v. *Webb*, 61 Ind. 85; *Dutch's Appeal*, 57 Pa. St. 461.

It is said, however, that the conveyances were not voluntary, because of the stipulation to pay interest during the life-

·time of the grantor.    Hence it is argued, the conveyances are to be regarded as having been made in pursuance of an agreement of sale in each case, and that the relation of the parties was thereafter that of debtor and creditor.    This view is not admissible.    Of course there is a sense in which it may be said the conveyances were not wholly gratuitous.    The donees were, however, assured of more than their portion, for they got substantially all their father's property in advance, by assuming to pay for the reasonable use of it, during the lifetime of the donor.    It might be argued with equal propriety, in case the intestate had converted his whole estate into money, that no advancement was intended, even though he had apportioned the money among his sons, because he required them to pay a stipulated interest during his lifetime, without more.

If, instead of reserving a stipulated interest, the father had simply reserved an annual rent out of the land, the case would not be different.  *Norman* v. *Norman,* 11 Ind. 288; *Sherman* v. *Sherman,* 3 Ind. 337;  *Peabody* v. *Peabody,* 59 Ind. 556.

Whenever it becomes necessary, in a case involving a question of advancement, to ascertain from the surrounding circumstances the intention with which a donor conveyed property, so long as there is no satisfactory evidence to the contrary, the law looking to the relationship and rights of others, will ascribe to the donor that intention most favorable to an equal distribution of his property among all his children.    *Parks* v. *Parks,* 19 Md. 323;  *Clark* v. *Willson,* 27 Md. 693;  *Dutch's Appeal, supra.*

When there is no satisfactory evidence of what occurred at the time the conveyance was made, and the papers do not determine the character of the transaction, the surrounding circumstances are to be looked to in ascertaining whether it ought to be considered as an advancement or otherwise.

Among these circumstances, the most important are the

amount and value of the property conveyed, as compared with the whole estate, and the number of children, keeping in view the presumption, unless it is rebutted by other evidence, that the parent meant to treat his children equally. *Weaver's Appeal*, 63 Pa. St. 309 ; *Dilley* v. *Love*, 61 Md. 603. Having regard for this rule, the court did not err in treating the conveyances as advancements.

Conceding that the court correctly held that the conveyances to the sons were to be regarded as advancements, the order of distribution was nevertheless manifestly erroneous.

To the amount on hand for distribution, the court added the sum of all the advancements, and ordered that the widow be paid one-third of the whole sum. By this method the widow was awarded one-third of the sums advanced to the children in the lifetime of her husband. She thereby received over $4,000 more than she was entitled to. This was error. *Willetts* v. *Willetts*, 19 Ind. 22.

The value of the advancements is to be reckoned with that part of the personal estate which shall remain for distribution among the children. Section 2407, R. S. 1881. This section excludes the widow from participation in advancements. It simply makes provision for equalizing the shares of children by including advancements in the surplus to be distributed among them.

Other sections of the statute determine the rights of a widow in the real and personal estate of her husband. Advancements are not part of the personal estate of the intestate.

Section 2479, R. S. 1881, requires that advancements are to be charged against the child to whom the advancement is made, but if the advancement exceed the equal proportion of the child advanced, the excess shall not be refunded.

After giving the widow one-third of what remains after paying the $500 allowed her by law, and the debts and expenses of administration, the surplus and advancements are to be aggregated, and the shares of the children equalized as

nearly as may be, according to the provisions of the sections of the statute above referred to.

The evidence fairly sustains the finding of facts made by the court. No question is presented by the cross errors assigned.

For the errors above referred to the judgment is reversed, with costs. The court below is directed to re-state its conclusions of law upon the facts found, and to order distribution in accordance with the foregoing opinion.

Filed April 6, 1887; motion to tax costs against appellant overruled. May 10, 1887.