Culp *et al. v.* Wilson.

Filed December 22, 1892.

---

16,015.

## Culp et al. *v.* Wilson.

CONVEYANCE.— *Voluntarily by Parent to Child.*—*Presumption as to.*—*Advancement.*—*Burden of Proof.*—A voluntary conveyance of land by a parent to one of his children is presumed to have been intended as an advancement, and the burden of showing that it was not so intended rests upon the person who asserts it to be anything else.

Culp *et al. v.* Wilson.

EVIDENCE.—*Declarations.*—*Effectiveness of.*—Evidence consisting of declarations is generally considered a weak class of evidence, from the fact that the party making them may not have clearly expressed his meaning, or may have been misunderstood, or the witness may have unintentionally altered the expression.

From the Elkhart Circuit Court.

*H. C. Dodge* and *J. S. Dodge*, for appellants.

*H. D. Wilson* and *W. J. Davis*, for appellee.

COFFEY, C. J.—On the 20th day of October, 1890, the appellee, Harvey C. Wilson, as administrator of the estate of Samuel Kessler, deceased, filed his final report, in which was shown a balance of $1,411.68 on hands for distribution among the heirs of the deceased. In this report it was stated by the administrator that he had been credibly informed that the deceased, in his lifetime, had advanced the appellants, his three daughters, Isabelle P. McDowell, Miranda Culp and Ann Shupert, in land of the value of three thousand dollars, and upward, more than he had advanced and paid to his daughter, Amanda Lentz.

The appellants appeared and filed such pleadings as were necessary to make an issue upon this statement, which issue was tried by the court, resulting in a finding and judgment in favor of Amanda Lentz. From the finding and judgment of the court, this appeal is prosecuted.

It is contended by the appellants that the finding of the court is not sustained by the evidence, the proof showing that such sums as were received by the appellants were gifts and not advancements.

In the bill of exceptions containing the evidence, we find the following admission: "It is admitted by the parties hereto that each of the heirs of Samuel Kessler, except Mrs. Lentz, received from their father, Samuel Kessler, during his lifetime, land to the amount of more than the amount of funds in the hands of the administrator for distribution."

Other evidence in the record tends to prove that the land received by each of the appellants was worth near four thousand dollars.

In *Ruch, adm'r,* v. *Biery,* 110 Ind. 444, it was said: "An advancement, in legal contemplation, is the giving by a parent to a child, by way of anticipation, of the whole or a part of that which it is supposed the child will be entitled to on the death of the parent, or person making the advancement."

A voluntary conveyance of land by the parent to one of his children is presumed to have been intended as an advancement, and the burden of showing that it was not so intended rests upon the person who asserts it to be anything else.

So when it becomes necessary, in a case involving the question of advancement, to ascertain the intention with which a donor conveyed property, so long as there is no satisfactory evidence to the contrary, the law, looking to the relationship and rights of others, will ascribe to the donor that intention most favorable to an equal distribution of his property among all his children. *Ruch, adm'r,* v. *Biery, supra; McCaw* v. *Burk,* 31 Ind. 56; *Dille* v. *Webb,* 61 Ind. 85; *Parks* v. *Parks,* 19 Md. 323; *Clark* v. *Willson,* 27 Md. 693; *Dutch's Appeal,* 57 Pa. St. 461.

When it was shown by the appellee that the appellants had received from their father land of greater value than the amount in his hands for distribution, he had made out his case. No further proof on his part was required. It can not be said, therefore, that the evidence in the cause does not tend to support the finding of the Circuit Court.

The proof by which it was sought to destroy the case made by the appellee consisted of declarations made by the deceased at a time remote from the trial, and is not of a very satisfactory character. Evidence of declarations is generally considered a weak class of evidence, by reason of the fact that the party making them may not have

clearly expressed his meaning, or may have been misunderstood, or the witness by unintentionally altering a few words of the expressions really used may give an effect to a declaration completely at variance with what the party did actually say. The weight to be given to the declarations proven by the appellants was wholly for the Circuit Court, and as it reached the conclusion that they were not sufficient to overcome the case made by the appellee, we can not, under the well-known rules of this court, interfere with such conclusion.

