## STAUFFER ET AL. *v.* MARTIN ET AL.

[No. 6,727. Filed May 21, 1909.]

1. DESCENT AND DISTRIBUTION.—*Advancements.—Voluntary Conveyances.—Presumptions.—Burden of Proof.*—A voluntary conveyance from a father to his child is presumed to constitute an advancement, and the burden to show that it was not so intended is upon the child. p. 677.

2. DEEDS.— *Voluntary.— Consideration.— Presumptions.*—A voluntary conveyance is one made without any consideration; and where a consideration is named in a deed, the presumption is that such consideration passed. p. 678.

3. DEEDS.—*Consideration.—Family Settlements.—Evidence.*—Deeds executed at about the same time by a father to three of his children, naming a money consideration, such sons executing to the father mortgages for a part of such consideration, do not constitute presumptive evidence of a family settlement; and where the evidence as to the voluntary character of the deeds is conflicting the trial court's decision is final. p. 678.

4. EVIDENCE.—*Declarations of Grantor After Execution of Deeds.*— Declarations of a father that certain deeds executed to three of his children constituted advancements or gifts, made ten days after the execution of the deeds, are incompetent. p. 678.

5. WITNESSES.—*Competency.—Heirs.—Record Books.*—In an action between heirs, affecting the property .of decedent, one of such heirs is incompetent, under §522 Burns 1908, §499 R. S. 1881, to testify that a certain book was a family record book in which decedent recorded transactions in the way of transfers or gifts of property to his children. p. 678.

6. WITNESSES.—*Competency.—Heirs.—Hand-writing of Decedent.* —In an action between heirs, affecting decedent's estate, one of such heirs is competent to identify the decedent's hand-writing, such fact being open to all, but such heir is incompetent to testify that she saw the decedent write or that she heard his declarations. p. 679.

7. APPEAL.— *Evidence.— Exclusion.—Witnesses.—Heirs.—Statutes. —Exception.*—Where testimony of an heir, in an action affecting the property of decedent, is wrongfully excluded on the ground that such heir was not a competent witness (§522 Burns 1908,

§499 R. S. 1881), the appellant must, by the record on appeal, plainly show that the testimony came within an exception to the statutory rule. p. 679.

8. NEW TRIAL.—Newly-Discovered Evidence.—Subsequent Declarations of Parties.—The declarations of parties, made subsequent to the trial, may be a ground for a new trial because of newly-discovered evidence. Stanley v. Peeples, 13 Ind. 232, disapproved. p. 680.

9. NEW TRIAL.—Newly-Discovered Evidence.—Diligence.—Admissions of Parties.—Where an affidavit showing newly-discovered evidence is filed in support of a motion for a new trial, and there is no showing of any diligence in seeking direct proof of the issue, but merely a showing that evidence of certain admissions by the prevailing parties has been discovered, the proper diligence is not shown. p. 680.

10. NEW TRIAL.— Newly-Discovered Evidence.— Affidavits.—Conflict.—Appeal.—Where affidavits in support of, and in opposition to, the granting of a new trial because of newly-discovered evidence, are conflicting, the decision of the trial court thereon is binding on appeal. p. 681.

From Elkhart Circuit Court; James S. Dodge, Judge.

Action by Esther M. Stauffer and others against John O. Martin and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

William J. Davis, Benjamin G. Schaefer, Thomas A. Davis and Deahl & Deahl, for appellants.

Zook & Jay, for appellees.

HADLEY, J.—This was an action brought by appellants to equalize assessments pending the distribution of the estate of Daniel Martin, deceased, father of appellants ·and appellees. Trial was had upon the petitions of appellants and answers of appellees, and judgment rendered in favor of appellees.

A motion for a new trial was made by appellants, which was overruled. This ruling is the only error assigned. It is urged that a new trial should have been granted, on the grounds of the insufficiency of the evidence, and that the finding is contrary to law.

The evidence is very meager, and consisted wholly of the

introduction of deeds, proof of the value of the lands included therein, and identity of the parties. The deeds show that on December 8, 1882, deceased conveyed to appellees David, John and Franklin Martin eighty acres of land for the consideration of $4,400 each in the cases of David and John Martin, and $4,200 in the case of Franklin Martin; that on the same day David Martin executed a mortgage for $1,400 on said land to appellee Abraham Martin, and John Martin executed a mortgage for $1,400 on said land to the grantor, Daniel Martin, which mortgage on said day was assigned to Abraham Martin, and Franklin Martin executed a mortgage for $1,200 on said land to the grantor, Daniel Martin; that each of said mortgages has since been paid and satisfied; that on December 11, 1882, the deceased executed and delivered the following deeds: One to appellant Lizzie Gordon for forty acres, for the consideration of $2,000, one to appellant Fanny Loucks for forty acres, for the consideration of $2,000, one to Anna Tyrer, deceased, mother of appellee Otis Tyrer for twenty acres, for the consideration of $1,000, one to appellant Esther Stauffer, for forty acres, for the consideration of $2,000, and one to Maria Martin, another daughter, since deceased, for twenty acres, for the consideration of $1,450.

It was shown that the various tracts of land described in the respective deeds were reasonably worth, at the time of said conveyance, the amount of the consideration expressed therein. Upon this evidence, appellants confidently assert that they were entitled to a judgment in their favor, basing their claim upon the legal principle, well established, that where a father makes a voluntary conveyance of his real estate to his children, it will be presumed that the same was made as an advancement, and the burden is then upon the grantee of such conveyance to rebut this presumption. *Ruch* v. *Biery* (1887), 110 Ind. 444; *Scott* v. *Harris* (1891), 127 Ind. 520; *Culp* v. *Wilson* (1892), 133 Ind. 294. And if there was any evidence that

the conveyances here shown were voluntary in a tech-

2. nical sense—that is without any consideration—our task would be easy and this opinion would end here. But such is not the case. On the contrary, the deeds introduced by appellants, and upon which they rely, recite that they are made upon a money consideration equal in amount to the value of the land. Such a deed does not raise a presumption that it is an advancement. 14 Cyc., 171; *Kiger* v. *Terry* (1896), 119 N. C. 456, 26 S. E. 38; *Miller's Appeal* (1884), 107 Pa. St. 221; *Newell* v. *Newell* (1841), 13 Vt. 24.

Further than this, three of the appellees gave mortgages on said lands for nearly one-third of their value and paid

them. There is no evidence that the conveyances were

3. voluntary. Appellants insist that the fact that the deeds were all made near the same time indicated a family settlement. But the expression of a money consideration in a deed imports that that consideration was paid, and we cannot say, in the face of the court's ruling to the contrary that this presumption is overthrown by an indicated fact that contradicts it.                                    •

Appellants offered to prove declarations of the decedent, showing that said conveyances were made as advancements,

which declarations were made some ten days or two

4. weeks after the deeds were delivered. The evidence was excluded. Declarations of a donor, that conveyances are advancements or gifts, are incompetent unless made before, at the time, or immediately after, the transaction and as a part of the *res gestae*. *Harness* v. *Harness* (1875), 49 Ind. 384; *Joyce* v. *Hamilton* (1887), 111 Ind. 163; *Thistlewaite* v. *Thistlewaite* (1892), 132 Ind. 355.

On the trial appellant Lizzie Gordon was called in her own behalf, and, after showing that she was one of the parties to

the action, her counsel exhibited to her a book, and

5. propounded to her this question: "I will ask you, Mrs. Gordon, to look at this book which I offer you, and state to the court if you know what that book is." To

which witness replied: "Yes, sir." Then she was asked to "Tell the court what that book is." Upon objection, counsel offered to prove as follows: "That this is a family book, a record book, kept and owned by the father of witness, Daniel Martin, in his lifetime, in which were recorded transactions in the way of transfers or gifts of property to his children." The court sustained the objection. Under §522 Burns 1908, §499 R. S. 1881, the witness was incompetent to testify to the facts embodied in the offer to prove. Such facts did not come within the rule now well established, that parties otherwise incompetent under this statute are competent to testify as to matters occurring in the lifetime of decedent, open to the observation of all the friends and acquaintances of the deceased. *Lamb* v. *Lamb* (1886), 105 Ind. 456; *Wallis* v. *Luhring* (1893), 134 Ind. 447; *McDonald* v. *McDonald* (1895), 142 Ind. 55. We cannot conceive how witness could have testified to the facts embraced in the offer to prove without testifying upon information gained from her father, or upon facts occurring in his lifetime, and which were not necessarily open to the knowledge and observation of his friends and acquaintances. It was proposed to prove more by her than merely the identity of the book. It was proposed to show whose it was, by whom kept, for what purpose kept, and what it purported to show, all relating to matters occurring in the lifetime of the deceased. Witness would have been competent to testify to the fact that the entries and statements in the book were in her father's handwriting, if she was otherwise qualified so to speak; but she was not competent to testify that she had seen him making entries therein, or that he had made declarations in the absence of the other parties, concerning it. The source of the information about which she proposed to testify is not shown by the record; and since it is a rule, made so by statute, that she was incompetent and her ability to testify on some matters being an exception, the record should clearly show that her testimony comes

within the exception before we are authorized to adjudge that the court erred in excluding it.

Appellants also insist that their motion for a new trial should have been granted on the ground of newly-discovered evidence shown by affidavits filed by parties, all of whom, with possibly one exception, were connected directly or indirectly with the interests of appellants. The evidence thus sought to be disclosed was in the nature of admissions made by appellees, all of which, with but two exceptions, were made subsequent to the trial of this cause. Appellees filed counter-affidavits, each respectively wholly denying the admission charged. Appellees contend in support of the ruling of the court that since it is shown by the affidavits that the admissions charged to have been made were made subsequently to the trial, they, therefore, cannot be made reasons for a new trial on the ground of newly-discovered evidence. To support this position, they cite the cases of *Stanley* v. *Peeples* (1859), 13 Ind. 232; *Sullivan* v. *O'Conner* (1881), 77 Ind. 149; *Crow* v. *Bronson* (1891), 1 Ind. App. 268. These cases hold in accord with appellees' contention, but they are disapproved on this point in the case of *City of Indianapolis* v. *Tansel* (1901), 157 Ind. 463.

The admissions alleged to have been made by appellees, and which are made grounds for a new trial, are to the effect that the ancestor, Daniel Martin, deeded the lands to his sons, as shown by the records introduced; that John and Daniel Martin were compelled to pay $1,400 each to their brother Abraham Martin, and Frank Martin to pay $1,200 to his father; that this was all any one of them paid for the land received, and that the book sought to be identified by Lizzie Gordon on the trial was a family book, and actually set out the accounts of Daniel Martin, the ancestor, with each of his children. The affidavit, for the purpose of showing diligence in attempting to procure the testimony, is made by Albert Gordon, and is to the effect that

he is the husband of Lizzie Gordon, one of the appellants, and that at her request, and that of the other appellants, he spent much time in hunting evidence to support appellants' petition and to prove the advancements as claimed in said petition; that he made diligent inquiries of neighbors and relatives of appellees to learn, if he could, any declarations that had been made by appellees as to such advancements, and names several persons that he inquired of, none of whom were the persons making the affidavits; but he says that he was unable to learn from any one of any declarations or admissions of appellees, or either of them, in relation to such advancements. It will be observed that this affidavit does not show that any effort whatever was made to obtain evidence to prove the facts sought to be proved by the admissions. Whether appellees had made admissions was not a question involved in the trial. Whether they had paid anything for the lands conveyed to them was a question involved, and was the question that is sought to be shown by the admissions. If, however, there was abundant evidence obtainable to show the fact that such conveyance was voluntary and appellants did not avail themselves of it, they should not be permitted to have a new trial on this ground. The affidavit does not show that high degree of diligence required by our authorities. *Morrison* v. *Carey* (1891), 129 Ind. 277; *Anderson* v. *Hathaway* (1892), 130 Ind. 528; *Johnson* v. *Brown* (1892), 130 Ind. 534; *McDonald* v. *Coryell* (1893), 134 Ind. 493; *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246; *Zimmerman* v. *Weigel* (1902), 158 Ind. 370. The affidavits under consideration were contradictory in every material matter.

10. The lower court, by its ruling, determined the weight and force of the testimony sought to be made available. This decision of the court is binding upon us. *Stevens* v. *Leonard* (1900), 154 Ind. 67, 77 Am. St. 446; *Messenger* v. *State* (1899), 152 Ind. 227; *City of Indianapolis* v. *Tansel, supra*. In *Messenger* v. *State, supra*, the court

say: ''The evidence presented upon the question of the alleged misconduct, as we have said, was conflicting, and its weight and force, therefore, became a matter to be determined solely by the trial court. The latter, under the circumstances, had better opportunities and means of testing the credibility of the statements made by the several affiants, and thereby ascertaining the truth in regard to the matter under investigation, than we have; and, by overruling the motion for a new trial, the court in effect decided the issue raised adversely to the contention of appellant, and, there being evidence which fully sustains its decision upon that issue, we, in obedience to the well-settled rule of appellate procedure, must abide by its ruling.'' We find no reversible error in the record. Judgment affirmed.