## LAYTON ET AL. *v.* HERR.

[No. 6,718. Filed January 26, 1910.]

1. DESCENT AND DISTRIBUTION.—*Childless Widow.—Heirs.—Expectancies.*—Under §2487 R. S. 1881 a childless second or subsequent
wife, the husband's children by a former marriage being alive,
took a fee simple in one-third of his real estate, his children being her forced heirs, such children having merely a fixed expectancy during her life. p. 205.

2. DEEDS.—*Quitclaim.—Estates in Expectancy.—Estoppel.*—A quitclaim deed does not operate upon an estate in expectancy, and
the grantor is not estopped from claiming such estate when it becomes vested. p. 205.

3. DEEDS.—*Expectant Estates.—Childless Widow.—Heirs.—Estoppel.*—Under §§3020, 3023 Burns 1908, Acts 1899, p. 131, §3, and Acts
1907, p. 71, §1, a father's children by a prior marriage are estopped from claiming title as forced heirs of their father's subsequent childless widow, where they have conveyed such land and
have received pay therefor. p. 206.

4. DEEDS.—*Conveyance of Expectancy.—Requisites.*—A conveyance
of an expectancy is never presumed, is always viewed with suspicion, and the grantee must show that it was made in good faith,
without fraud, and upon the receipt of full value. p. 206.

5.    DESCENT AND DISTRIBUTION.—*Childless Widow.—Conveyance by Children.—Burden of Proof.—Curative Statutes.*—Sections 3020, 3023 Burns 1908, Acts 1899, p. 131, §3, and Acts 1907, p. 71, §1, were enacted to prevent children of a father who subsequently left a childless widow from afterwards claiming lands inherited from such widow, which they had sold and for which a fair price had been received, but the burden is upon the grantee to prove that such children intended to convey their expectant estate. p. 207.

6.    TRIAL.—*Special Findings.—Failure to Find Certain Facts.—Effect.*—A failure to find certain facts is a finding against the party having the burden of proving such facts.    p. 207.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Suit by Benjamin M. Herr against George M. Layton and others.    From a judgment for plaintiff, defendants appeal. *Reversed.*

*Martin A. Morrison,* for appellants.

*W. R. Moore,* for appellee.

HADLEY, J.—Appellee sued appellants to quiet title to certain lands, described in the complaint, in Clinton county, Indiana.    The special findings show that in the year 1887, William Layton died intestate, seized of the lands described in the complaint; that he left surviving him, as his heirs at law, Elpha E. Layton, his second widow who was childless, and Abraham Layton, Henry Layton, Margaret Ostler and Sarah A. Parvis, children by a former marriage; that in April, 1888, said Abraham Layton and his wife executed to Henry Layton a quitclaim deed, in usual form, to the tract of land of which William Layton died seized, for the expressed consideration of $100.    In June, 1888, partition was had, whereby twenty-three acres of said land was set off to the widow, Elpha E. Layton, and the remainder was set off to the children of William Layton.    Afterwards the portion so set off to the children was sold to Henry Layton, on petition of William Layton's administrator, to pay debts.    In July, 1898, said Abraham Layton died intestate, leaving appellants (his children) surviving him, and in July, 1899,

Margaret Ostler, sister of Abraham, died, leaving no heirs except her husband, Robert Ostler. In July, 1902, said Elpha E. Layton, widow of William Layton, died intestate. In September, 1902, Sarah A. Parvis conveyed to Henry Layton all of her interest in said lands. Henry Layton died in May, 1903, and his heirs conveyed the whole of said tract to appellee in November, 1903. There are other proper findings, but the foregoing is sufficient to present the questions raised on this appeal.

Upon the findings the court stated its conclusions of law, to the effect that appellee was entitled to have his title quieted to the whole of said land. Appellants insist that, under said findings, the court should have concluded as a matter of law that they were entitled to an undivided one-third of the twenty-three acres set off to Elpha E. Layton as widow of William Layton; while appellee contends that, under the quitclaim deed of Abraham Layton, his heirs are estopped to claim any interest whatever in said land by virtue of §§3020, 3023 Burns 1908, Acts 1899, p. 131, §3, and Acts 1907, p. 71, §1.

At the time of the death of William Layton the law (§2487 R. S. 1881) was such that his widow took one-third of his land in fee, without power to alienate, if any de-

1.  scendants of the husband from a former marriage were alive at her death, since said descendants were the "forced heirs" of such widow, and as such could not be disinherited. But such descendants acquired no title from the ancestor, and had no present interest, but merely a fixed expectancy during the life of such widow. *Burget* v. *Merritt* (1900), 155 Ind. 143.

It is well settled that a quitclaim deed will not operate upon an estate in expectancy, and a grantor in such a deed

2.  is not estopped from claiming such estate when it becomes vested. *Avery* v. *Akins* (1881), 74 Ind. 283; *Bryan* v. *Uland* (1885), 101 Ind. 477.

3. The rule just stated, as to estoppel, is ineffective, where the case falls within the purview of §§3020, 3023, *supra*.

In the case of *Bryan* v. *Uland, supra,* the court used this language: "A quitclaim deed is effectual to pass the estate which the grantor has at the time it is made, and no more." And while an expectant estate might be conveyed, such a conveyance is always viewed with suspicion. It is

4. never presumed, and to render it valid it must be shown that the conveyance was in good faith; that there was no fraud practiced upon either the heir or the ancestor, and that a full value was paid. *McClure* v. *Raben* (1890), 125 Ind. 139, 9 L. R. A. 477.

In the case before us, Abraham Layton, at the time he made the deed in question to Henry Layton, was the owner of one-sixth of said real estate, as the heir of his father. This was his present interest and his only present interest in said real estate, and this present interest was not affected by the interest of the widow. There is nothing in the deed or the finding of facts that shows that he intended to convey any more than his present interest, or that Henry Layton, the grantee, expected to receive any more than such interest. There is no finding that Henry Layton paid the full value of both the present and expectant interest of Abraham Layton in said land. In fact, there is no finding that he paid anything at all, or that Abraham Layton received anything. The most that is found is that Abraham Layton's quitclaim expressed a consideration of $100.

In this posture of affairs, it is our opinion that the curative acts relied upon by appellee and contested by appellants have no application. The first of these curative acts was passed in 1889. Acts 1889, p. 430. Section two of this act, which is the section sought to be made applicable here, was superseded by the act of 1899 (§3020, *supra*), and a subsequent act of 1907 (§3023, *supra*).

Each of these curative statutes is made to apply to con-

veyances in fee of all or any part of lands affected by the interest of such second or subsequent childless wife.

5. The clear intent and purpose of the legislature in the passage of such acts being to prevent heirs within the class designated from selling the whole of said lands for a fair price, and thereafter, upon the death of the widow, claiming and recovering in addition the value of the widow's interest. But clearly such statutes should not be applied where, as here, it does not appear that a sale or purchase of the expectant interest was either contemplated or intended. So to apply the statute would often perpetrate as great a fraud as to withhold its application in proper cases. This case affords an excellent illustration of this. At the time the deed was made, Abraham Layton had a one-fourth expectant interest as forced heir of his stepmother. Subsequent to the conveyance, and before the death of the stepmother, a sister of Abraham died without issue. If appellee's contention be true, Henry Layton, by the deed of Abraham Layton, not only acquired the interest of Abraham in the stepmother's land, but also acquired the interest that Abraham or his descendants were entitled to inherit from the sister Margaret, an interest that certainly no one would contend was intended to be conveyed by Abraham's deed, since at that time Margaret was in life. The burden was upon appellee to show that Abraham Layton intended, by his deed to Henry Layton, to convey not only his expectant interest in his stepmother's estate, but his share of his sister Margaret's expectant interest. The special finding does not show

6. either of these facts, and is therefore a finding against him. Under the facts thus found, appellants are entitled to one-third of the land which the widow inherited from William Layton, as heirs of their father, Abraham Layton.

Judgment reversed, with instructions to restate the conclusions of law in accordance with this opinion, and enter judgment accordingly.