## Lowe et al. v. Wiseman, Guardian.

[No. 6,720. Filed March 31, 1910. Rehearing denied June 29, 1910. Transfer denied October 13, 1910.]

1. Partition.—*Complaint.*—*Sufficiency.*—A complaint alleging that the plaintiff guardian's wards and the defendants are owners as tenants in common of certain described land, and setting out the source of their title, and praying for partition, is sufficient regardless of the allegations as to the source of title. p. 408.

2. Partition.—*Sale of Interest.*—*Subsequently Acquired Interest.* —*Complaint.*—A complaint alleging that the father and mother of plaintiff guardian's wards conveyed their interest in certain real estate and that afterwards the father of the wards' mother died intestate the owner of the real estate sought to be partitioned, shows that such wards had an interest in such land. p. 408.

3. Deeds.—*Conveyance of Interest.*—*Subsequently Acquired Interests.*—A deed of the grantors' right, title and interest in a certain tract of land, does not convey a subsequently acquired interest. p. 408.

4. Deeds.—*Consideration.*— *Advancements.*— *Presumptions.*— *Burden of Proof.*—A deed from father to children, based upon a consideration of one dollar and love and affection, is *prima facie* pre-

sumed to constitute an advancement, the burden of overthrowing such presumption being upon the grantees. pp. 409, 410.

5. DESCENT AND DISTRIBUTION.—*Advancements.—Time of Valuation of.*—Advancements should be valued as of the date of their coming into possession and enjoyment. p. 409.

6. EVIDENCE—*Declarations of Grantor After Execution of Deed.—Advancements.—Gifts.*—Declarations of a grantor, made after the execution of a deed, which are not part of the *res gestæ*, are not admissible to show his intention to make a gift, instead of an advancement. pp. 409, 411.

7. EVIDENCE.— *Value of Other Inheritance.— Partition.*— Evidence of the value of the wards' inheritance from their father is inadmissible in a suit by their guardian for a partition of the land inherited by them through their mother. p. 410.

8. DESCENT AND DISTRIBUTION.—*Advancements.—Time of Possession.*—Advancements may be created to come into possession during the parent's lifetime, or upon any contingency that has happened, or will happen within a reasonable time. p. 411.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Suit by John B. Wiseman, as guardian of Raymond Wiseman and others, against William F. Lowe and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Weaver & Young,* for appellants.

*Roberts & Vestal,* for appellee.

WATSON, J.—This action was brought by appellee against appellants for the partition of real estate. The complaint, which is in one paragraph, alleges that plaintiff's wards and the defendants are the owners as tenants in common of the undivided one-third of the real estate described therein; that Rachel Lowe died intestate about the year 1901, the owner of the whole of said real estate, leaving as her only heirs at law George Lowe, her husband, and six children, to wit, William F. Lowe, Martha C. Wiseman, Laura Lowe, Grace Lowe, Florence Lowe and Fay Lowe; that said Martha C. Wiseman, together with her husband, executed to William F. Lowe her deed conveying to him all her interest in said real estate; that both Martha C. Wiseman and her husband died intestate, leaving as their heirs at law their minor children, Raymond Wiseman, Mabel Wiseman and

Ralph Wiseman, who are wards of plaintiff; that said George Lowe, who was the owner in fee of certain land of the value of $3,500, conveyed it by deed, without consideration except love and affection, to his five children other than Martha C. Wiseman; that in April, 1904, said George Lowe died intestate, the owner of said undivided one-third of the real estate first described in said complaint, being the real estate inherited by him from Rachel Lowe, deceased. The prayer is that the lands be partitioned among the parties to said action, and that the conveyance by George Lowe to his five children be treated and considered as an advancement to them.

A demurrer was filed to the complaint, but was overruled and exceptions taken. Thereupon an answer was filed in general denial. Motion for a new trial was made and overruled. The finding, as well as the judgment, was that George Lowe died intestate, the owner in fee of the undivided one-third of twenty acres off the south end of the southwest quarter of the northeast quarter in section thirty-four, township eighteen north, range five east, also the undivided one-third of nineteen and one-half acres off the west side of the northwest quarter of the northeast quarter of section thirty-five, township eighteen north, range five east, in Hamilton county, Indiana; that said George Lowe left as his heirs the defendants herein and the plaintiff's wards; that during his lifetime said George Lowe made advancements to each of defendants in the sum of $640; and that plaintiff is entitled to partition of said real estate, taking into consideration said advancements. The court appointed commissioners to make partition of said real estate accordingly.

The errors relied upon for reversal are: (1) The court erred in overruling appellants' demurrer to appellee's complaint; (2) the court erred in overruling appellants' motion for a new trial.

The appellants insist that the complaint in this cause

does not state facts sufficient to withstand a demurrer. It alleges that plaintiff's wards and the defendants are owners as tenants in common of an undivided one-third of the real estate described. It further sets out the source from which plaintiff's wards derive title. This, however, was unnecessary, but we do not see how it could in any way affect the averments in the complaint.

It is also urged that the complaint was insufficient, for the reason that it avers that Martha C. Wiseman and her husband, parents of appellee's wards, conveyed all their right, title and interest to William F. Lowe, brother of Martha C. Wiseman. It is averred that said Martha C. Wiseman died intestate, and that afterward her father, George Lowe, died intestate. The conveyance by Martha C. Wiseman and her husband to William F. Lowe could not have passed the title to any real estate that she did not at that time own, or real estate that subsequently she or her heirs acquired by descent. *Layton* v. *Herr* (1910), 45 Ind. App. 203; *Holbrook* v. *Debo* (1881), 99 Ill. 372; *Blanchard* v. *Brooks* (1831), 12 Pick. 47; *Coe* v. *Persons Unknown* (1857), 43 Me. 432; *Wight* v. *Shaw* (1849), 59 Mass. 56; *Glover* v. *Condell* (1896), 163 Ill. 566, 45 N. E. 173, 35 L. R. A. 360; *Headrick* v. *McDowell* (1903), 102 Va. 124, 45 S. E. 804, 102 Am. St. 843, 65 L. R. A. 578.

In the case of *Blanchard* v. *Brooks, supra,* the court said: "A conveyance of all the right, title and interest in lands, is certainly sufficient to pass the land itself, if the party conveying has an estate therein, at the time of the conveyance; but it passes no estate which is not then possessed by the party."

The complaint states facts sufficient to withstand a demurrer.

The next error assigned is the overruling of the motion for a new trial. The deed executed on April 10, 1903, by

George Lowe to his children, other than Martha C. Wiseman, the consideration being $1, love and affection, is presumed to be an advancement to the grantees, and the court upon the evidence finds it to be such, and fixes the value of said real estate at $80 per acre, or $640 advanced to each of the grantees named. *Scott* v. *Harris* (1891), 127 Ind. 520; *Culp* v. *Wilson* (1892), 133 Ind. 294.

It is contended, however, that because the deed says that the grantees shall not have possession until the death of the grantor, the court erred in fixing the value of the land at $80 an acre, that being the value thereof at the time of the death of the grantor. Section 3011 Burns 1908, §2480 R. S. 1881, provides: "In the division or distribution of an estate, the amount or value of an advancement shall be estimated according to the amount or value when given."

The value of the advancement is to be ascertained at the date when it comes into the possession and enjoyment of the parties to be charged. 1 Am. and Eng. Ency. Law (2d ed.) 783; *Pigg* v. *Carroll* (1878), 89 Ill. 205; *Jackson* v. *Jackson* (1885), 28 Miss. 674, 64 Am. Dec. 114; *Puryear* v. *Cabell* (1874), 24 Gratt. (Va.) 260.

It is next urged that the court erred in not permitting the witness William A. Morgan to testify as follows: "That George Lowe told in the winter or early spring of 1904 that he had made a deed of his property and real estate to his five living children, and that he intended them to have all of his property at his death, that he did not intend to leave any of his property to his grandchildren Mabel Wiseman, Ralph Wiseman and Raymond Wiseman, for the reason that they would inherit from their father more than he had to leave to his own children." This was long after the deed in question had been executed by decedent, and was therefore too remote. *Harness* v. *Harness* (1875), 49 Ind. 384; *Thistlewaite* v. *Thistlewaite*

(1892), 132 Ind. 355; *Swygart* v. *Willard* (1906), 166 Ind. 25.

It is also urged that the court erred in not permitting John Wiseman to testify as to how much land Lewis C. Wiseman, father of said wards, owned at the time of his death. How this could have any bearing upon the partition of the real estate owned by the grandfather of appellee's wards, we are unable to see.

We find no error in the record warranting the reversal of this cause.

Judgment affirmed.


## ON PETITION FOR REHEARING.

WATSON, P. J.—Appellants insist that the court erred in holding that the deed made by George Lowe to his children was an advancement instead of a gift, but the authorities cited are not controlling in this case, for in the case of *Joyce* v. *Hamilton* (1887), 111 Ind. 163, no conveyance was made, and in the case of *Herkimer* v. *MacGregor* (1891), 126 Ind. 247, stock was taken by the parent as trustee for the children. In the case of *Shaw* v. *Kent* (1858), 11 Ind. 80, it was held that a conveyance to a child was "*prima facie* evidence of an intent to advance him," but the grantee had a right "'to rebut the evidence or presumption, and show that the intention was otherwise." This, they say, would involve a question of fact to be determined by the court or jury. In the case of *Woolery* v. *Woolery* (1868), 29 Ind. 249, it was likewise held that it is a question of fact for the court or jury to determine.

The presumption, that a conveyance made by a parent to a child or children without consideration is an advancement, is a rebuttable presumption, and may be overthrown by competent evidence; but the trial court holds, under all the circumstances surrounding the transaction in this case, that this presumption is not overthrown, and the voluntary

deed made to appellants by their father was an advancement. In the case of *Ruch* v. *Biery* (1887), 110 Ind. 444, a case very much like the one under consideration, it was held that the deed there made was an advancement. *Hodgson* v. *Macy* (1856), 8 Ind. 121; *Higham* v. *Vanosdol* (1890), 125 Ind. 74; *Culp* v. *Wilson* (1892), 133 Ind. 294; *Heady* v. *Brown* (1898), 151 Ind. 75.

However, to constitute an advancement it is not necessary that the provision should take place in the parent's lifetime, and the portion may be secured to the child

8. *in futuro,* or may commence after the parent's death, or upon a contingency that has happened or will arise within a reasonable time. *Clark* v. *Willson* (1867), 27 Md. 693; *Ruch* v. *Biery, supra;* Thornton, Gifts and Advancements §561.

It is also insisted that a rehearing should be granted, for the reason that the court rejected the testimony of William A. Morgan, although it is admitted that the con-

6. versation took place long after the execution of the deed. In the case of *Woolery* v. *Woolery, supra,* the court said: "The declarations of the father, made a few days prior to the conveyance, as well as those made subsequent thereto, tending to show his purpose or intent in procuring the conveyance, may be fairly considered as a part of the *res gestæ,* or facts forming a part of the transaction, and in explanation thereof, and were proper evidence for that purpose." But this evidence, the rejection of which is complained of, being given a year or more after the execution of the deed, under this authority and the authorities cited in the original opinion, was correctly rejected by the trial court. *Stauffer* v. *Martin* (1909), 43 Ind. App. 675.

The petition for rehearing is overruled.