BLUME v. KRUCKEBERG, EXECUTOR.

[No. 16,953. Filed December 1, 1942.]

*Wendell O. Harris,* of Fort Wayne, for appellant.

*William H. Schannen,* of Fort Wayne, for appellee.

FLANAGAN, P. J.—This action was instituted by the appellee, Christ Kruckeberg, executor of the will of Christian Kruckeberg, deceased, against appellant, Carrie Blume, seeking to recover on a promissory note executed by appellant to the testator.

To the complaint, appellant filed an answer of general denial and a second paragraph of answer alleging that in 1918, appellant's husband, Edward C. Buuck borrowed $1,000 from appellant's father, the testator, Christian Kruckeberg, and that in 1925, her father gave each of his children $500 and took appellant's note as evidence of the advancement so made to her. That in the same year the testator loaned appellant $2,000 taking a mortgage as security. That in 1928, the testator sued appellant on the $500 note, obtaining a judgment thereon, and also demanded payment of the mortgage for $2,000. That appellant secured a loan and paid her father the entire amount of the mortgage and all the judgment except $600 for which he accepted her note which is the one sued on in the present action. That the $1,000 loaned to her first husband in 1918, and the $500 given her in 1925, are the only amounts ever given her by her father which were not repaid. That by the terms of his will he provided that his executor should sell all his property and after the payment of certain specific bequests divide the balance share and share alike among his six children, except that in the case of certain ones to whom advancements had been made the amounts of the advancements with interest should be deducted from their respective shares. As to appellant, the will recited that she had been advanced $1,500 which was to be deducted with interest from her one-sixth share.

Appellant also filed a cross-complaint alleging the same facts and asking for a declaratory judgment that

liability on the note sued on in plaintiff's complaint had been discharged by the provisions of the will.

To both the second paragraph of answer and the cross-complaint the trial court sustained demurrers and that action is assigned as error here.

The theory of the demurrers as expressed in the memorandum thereto and in argument of counsel seems to be that the answer and cross-complaint do not allege facts showing payment, release, discharge or gift of the note in question. But the answer and cross-complaint do not proceed upon the theory of payment, release, discharge or gift of the note. They proceed upon the theory that the note was never supported by consideration and was always evidence merely of an advancement.

If money is given by a parent to a child without any agreement as to repayment it will be considered an advancement unless the surrounding facts and circumstances disclose an intention that it shall become a debt; and if the transaction amounts to an advancement at the time it takes place it cannot afterward be converted into a debt without the intervention of some new consideration. *Highland* v. *Vanosdol* (1890), 125 Ind. 74, 25 N. E. 140.

If a note is executed by a child to a parent to be held by such parent as evidence of an advancement to such child, such note is without consideration; and the facts may be shown as a defense in an action on the note. *Baum* v. *Palmer* (1905), 165 Ind. 513, 76 N. E. 108; *Bragg* v. *Stanford* (1882), 82 Ind. 234; *Peabody, Guardian,* v. *Peabody* (1877), 59 Ind. 556.

The testator's will says that he has given appellant $1,500 which is to be deducted from her one-sixth share

of his estate. The answer and cross-complaint under consideration allege that the note sued on evidences a part of the $1,500 so referred to in the will. If such is the fact and the demurrer admits the facts as alleged to be true, then the answer states a good defense to the action on the note and appellant is entitled on her cross-complaint to have the note cancelled.

Judgment reversed with instructions to overrule the demurrer to appellant's second paragraph of answer and to her cross-complaint and for further proceedings consistent with this opinion.

DeVoss, J., not participating.

NOTE.—Reported in 44 N. E. (2d) 1010.