WENBERT *v.* LINCOLN NATIONAL BANK & TRUST COMPANY, ET AL.

[No. 17,346. Filed June 12, 1945.]

*Mountz & Mountz,* of Garrett, for appellant.

*Clarence R. McNabb,* of Ft. Wayne, for appellees.

HAMILTON, J.—This is. an appeal from a judgment rendered in a proceeding instituted by the filing of a petition by appellees for the determination of the distributive shares for each of the heirs at law of one

Abe Field, deceased, who died on the 20th of July, 1940, a resident of Allen County, Indiana, and to obtain an order of distribution of the personal assets constituting the surplus remaining in the hands of the administrator of the estate of said Abe Field, deceased, after the payment of debts and expenses of administration. The petition was filed and the proceedings were had thereon, pursuant to the provisions of § 6-1501 to § 6-1505, Burns' 1933, inclusive; § 3222 to § 3226, Baldwin's 1934, inclusive.

The facts may be summarized as follows: Abe Field died intestate on July 20, 1940, a resident of Allen County, Indiana. His purported last will and testament, bearing the date of December 3, 1932, was admitted to probate in the Allen Superior Court, No. 2, July 20, 1940, but upon discovery in May, 1941, that the said Abe Field had born to him a legitimate child on December 29, 1932 (26 days after the execution of said will) for whom no provision had been made in said purported will, the same was judicially declared revoked, as provided by § 7-303, Burns' 1933; § 3355, Baldwin's 1934, and the probate thereof set aside by the Allen Superior Court, No. 2, in proceedings in which all the heirs at law of the said Abe Field, deceased, were parties. Thereupon, the Lincoln National Bank and Trust Company of Fort Wayne, Indiana, was duly appointed administrator of the estate of said decedent and as such administrator proceeded to administer said estate. On July 24, 1943, the administrator of said estate filed its account in final settlement with the Allen Superior Court, No. 2, showing that it had in its hands the surplus of said estate of the value of $72,508.35 for distribution to the heirs at law of said decedent upon proof of heirship and determination of the respective

rights of the several heirs to the said surplus of said estate. Hearing upon the final report of said administrator was continued, pending proof of heirship of said several heirs at law of the decedent.

Thereafter, on September 27, 1943, the Lincoln National Bank and Trust Company of Fort Wayne, as guardian of Shirley A. Field, James B. Field, and Lois Beverly Field, minor children and heirs at law of Abe Field, deceased, and Bernadine F. Zweig, Ruth F. Fruend, and Theodosia Field (now Theodosia Field Brody), adult children and heirs of said decedent, filed in the Allen Superior Court, No. 2, their petition for a determination of the distributive shares to which each of the heirs at law of Abe Field, deceased, was entitled and for an order of distribution of such shares to the respective heirs. These petitioners are the younger six of the seven children of the decedent,—the remaining and oldest child being Genevieve F. Wenbert, the appellant herein. In addition to the above-named children and heirs at law, said decedent was survived by the widow, Clara Field, now Clara Field Scheff, an appellee herein.

The petition so filed as aforesaid alleged and proceeded upon the theory that each of the decedent's children was entitled to two-twenty-firsts of the balance remaining in the hands of the administrator for distribution, but that the distributive share of appellant Genevieve F. Wenbert should be charged with the reasonable value of advancements which had been made to her by the decedent during his lifetime, in April, 1937, and in April, 1938, in the total aggregate amount of $8,895.00.

Upon issues joined the cause was submitted to the court for trial, which found the facts specially, and stated its conclusions of law thereon, favorable to appel-

lees, and to the effect that during his lifetime the decedent had advanced to the appellant the sum of $5,700.00, with which appellant was chargeable and which should be reckoned against her distributive share in the distribution of the net assets of said estate. Upon these conclusions of law judgment was rendered, directing distribution accordingly.

The errors relied upon for reversal are that the court erred in each conclusion of law except conclusion No. 2, which determined the rights of the widow and about which no question is presented by this appeal.

The appellant has not seen fit to include the evidence in the transcript brought to this court; and because of the fact that the appellant failed to file a motion for a new trial, no question is presented involving the sufficiency of the evidence to sustain the findings of facts. The only question presented for our consideration is whether or not the findings of facts are sufficient to support the conclusions of law.

The findings of facts which are pertinent to a consideration of the question presented are findings of facts Nos. 16, 17, 18, 19, 20, 21, 22, 23, 24, and 26, which read as follows:

"16. That the said Genevieve Field, now Genevieve Wenbert, one of the daughters of said decedent and said Clara Field, on the 28th day of April, 1937 married one Morley Wenbert.

"17. That on April 7, 1937, said decedent purchased Two Hundred (200) shares of the common capital stock of Munsingwear, Inc., a corporation, and directed the broker through whom said purchase was made to have the certificates evidencing the ownership of said stock issued and registered in the name of said Genevieve Field Wenbert, and that the certificates evidencing the ownership thereof were issued by the said corporation on April 21, 1937 in the name of said Genevieve Field Wenbert and delivered and given by said Abe Field to

his said daughter, Genevieve Field Wenbert, at the time of her marriage as aforesaid.

"18. That the said Abe Field paid for the 200 shares of stock of Munsingwear, Inc., the sum of $6,155.00, and that on April 28, 1937 said stock was of the value of $28.50 per share or a total of $5,700.00 for said 200 shares.

"19. That said decedent gave the aforesaid stock to his daughter Genevieve Wenbert as a wedding gift and marriage portion *and in anticipation of said daughter's inheritance from the estate of said decedent, and that the same constituted and was an advancement made to and received by the said Genevieve Field Wenbert, and that the value thereof, to-wit: the sum of $5,700.00 should be charged against her distributive share of the estate of said decedent.* (Our italics.)

"20. That thereafter the said 200 shares of stock of the said Munsingwear, Inc., which said Abe Field had given to his said daughter Genevieve, as hereinbefore found, began and continued to depreciate in value and that in and during the month of April, 1938 the fair market value of said 200 shares of stock was approximately $2,600.00.

"21. That on March 31, 1938 and shortly before the first anniversary of the marriage of said Genevieve Field Wenbert, the said Abe Field purchased through his broker 200 shares of the common capital stock of Wayne Knitting Mills, an Indiana corporation, and caused the certificates evidencing the ownership of said capital stock to be issued and registered in the name of said Genevieve Field Wenbert, and that for said stock the said Abe Field paid the sum of $1,240.20.

"22. That on the first anniversary of the marriage of the said Genevieve Field Wenbert, to-wit: on April 28, 1938, the said Abe Field gave and delivered the aforesaid 200 shares of Wayne Knitting Mills stock to his said daughter Genevieve, and that the fair market value of said 200 shares of Wayne Knitting Mills stock was approximately $1,500.00 at that time.

"23. That the said Abe Field was greatly disappointed because of the aforesaid large deprecia-

tion in the value of the 200 shares of Munsingwear, Inc. stock which he had personally selected and given to the said Genevieve Field Wenbert as aforesaid and *that he gave her the aforesaid 200 shares of Wayne Knitting Mills stock as a wedding anniversary gift and because of his disappointment and to partially make up for the decreased value of said Munsingwear, Inc. stock, and that said Wayne Knitting Mills stock was not given in anticipation of said daughter's inheritance from the estate of said decedent, and that the same did not constitute and was not an advancement to the said Genevieve Field Wenbert, and that the value thereof should not be charged against her distributive share of the estate of said decedent.* (Our italics.)

"24. That since the delivery to the said Genevieve F. Wenbert of said Munsingwear, Inc. stock said Munsingwear, Inc. has paid to the said Genevieve F. Wenbert, by way of dividends thereon, the sum of Fourteen Hundred Fifty ($1,450.00) Dollars, and that since the delivery of the said Wayne Knitting Mills stock to said Genevieve F. Wenbert, the said Wayne Knitting Mills has paid to the said Genevieve F. Wenbert, by way of dividends thereon, the total sum of Seventeen Hundred Fifty Dollars ($1,750.00), making a total of $3,200.00 dividends.

"26. That the aforesaid advancement in the amount of $5,700.00 which was made by the decedent to Genevieve Field Wenbert, as hereinbefore found, should be reckoned with and considered as part of that portion of the surplus assets and funds in the administrator's hands distributable to the seven children of the decedent, and that the distributive share of the said Genevieve Field Wenbert should be charged with the amount of $5,700.00."

The conclusions of law which are material are as follows:

"1. That the law is with the petitioners herein.
"3. That Genevieve Field Wenbert has been advanced the sum of Five Thousand Seven Hundred Dollars ($5,700.00) by Abe Field, the decedent, by settlement or portion of his personal estate.

"4. That the value of said advancement in the sum of Five Thousand Seven Hundred Dollars ($5,700.00) should be reckoned with that portion of the surplus assets and funds remaining in the hands of the Lincoln National Bank and Trust Company as administrator of the estate of Abe Field, deceased, for distribution among the children of said decedent, being the petitioners and the respondent herein.

"5. That if such advancement of Five Thousand Seven Hundred Dollars ($5,700.00) be equal to or in excess of the amount which would be distributed to the said Genevieve Field Wenbert as her share of said surplus and advancement, then the said Genevieve Field Wenbert shall be excluded from any share in the distribution of such surplus.

"6. That if such advancement of Five Thousand Seven Hundred Dollars ($5,700.00) be not equal to her said share of said surplus and advancement, the said Genevieve Field Wenbert shall be entitled to receive so much only as shall be sufficient to make equal, as near as can be estimated, all the shares of all those entitled to participate in said surplus, namely the seven children of the said Abe Field, deceased, being the petitioners and the respondent herein."

Our decisions define an advancement as an irrevocable gift, not required by law, made by a parent during his lifetime to his child, with the intention on the part of the donor that such gift shall represent a part or the whole of the portion of the donor's estate that the donee would be entitled to on the death of the donor intestate. *Culp* v. *Wilson* (1893), 133 Ind. 294, 296, 32 N. E. 928; *Slaughter* v. *Slaughter* (1899), 21 Ind. App. 641, 643, 52 N. E. 994; *Herkimer* v. *McGregor* (1890), 126 Ind. 247, 25 N. E. 145.

The determination as to whether the transfer of property from parent to child is an advancement or a gift

depends upon the intention of the grantor or donor, to be determined from all the attending circumstances in the case. *Higham* v. *Vanosdol* (1890), 125 Ind. 74, 76, 25 N. E. 140; *Ruch* v. *Biery* (1886), '110 Ind. 444, 448, 11 N. E. 312. A voluntary transfer of property by parent to one of his children is presumed to have been intended as an advancement and the burden of showing it was not so intended rests upon the person who asserts it to be anything else. *Culp* v. *Wilson*, *supra; Ruch* v. *Biery*, *supra; Blume* v. *Kruckeberg* (1942), 112 Ind. App. 390, 393, 44 N. E. (2d) 1010.

Therefore, the burden rested upon the appellant to satisfy the trial court that the transfers of personal property to her by the decedent were made as a gift and were not intended as an advancement, and the court's special findings of facts being silent upon the proposition that the decedent made an absolute gift to the appellant of the stock certificates transferred to her on April 28, 1937, as set forth in special findings Nos. 17 and 18, *supra,* were equivalent to a finding against the appellant. *Newman* v. *Newman* (1943), 221 Ind. 432, 437, 48 N. E. (2d) 455. On the contrary, in special finding No. 19, *supra,* the court expressly finds that the decedent gave said 200 shares of stock of Munsingwear, Inc., of the value of $5,700.00 as on April 28, 1937, to the appellant as a wedding gift and marriage portion *"and in anticipation of said daughter's inheritance from the estate of said decedent, and that the same constituted and was an advancement made to and received by the said Genevieve Field Wenbert, and that the value thereof, to-wit: the sum of $5,700.00, should be charged against her distributive share of the estate of said decedent."* (Our italics.)

Testing the special findings of facts and conclusions of law by the firmly-established principles set forth in the foregoing authorities, we are convinced that the conclusions of law are correct and are fully supported by the special findings of facts and that no reversible error is shown by the record. Judgment of the lower court is therefore affirmed.

NOTE.—Reported in 61 N. E. (2d) 466.